## HAYDEN *vs.* PHINIZY.

1. The power to attach for contempt for violating an injunction is absolutely essential to the effectiveness of the injunction itself. Hence a proceeding for that purpose is so connected with the injunction as that a decision upon it may be brought to the supreme court by a "fast" writ of error.

2. A chancellor has wide discretion in respect to attachments for violating injunctions, and his decision will not be reversed unless that discretion is grossly abused. It is not so in this case.

Practice in the Supreme Court. Injunction. Attachment for Contempt. Before Judge ERWIN. Hall County. At Chambers. July 23d, 1881.

The chancellor granted an injunction restraining Hayden, his agents, etc., from interfering with the possession, use and enjoyment of Phinizy of a house in Hall county known as the Sulphur Springs Station. Subsequently Phinizy applied to the chancellor for an attachment on account of the violation of the injunction. On the hearing it appeared from the affidavits furnished by the movant, that after the granting of the injunction two parties, claiming to represent other principals than Hayden, took forcible possession of a part of the house, being installed therein by the attorney who had represented Hayden, but who now claimed to represent the other principals; also, that Hayden had cursed and used abusive language about the house and its occupants, had frightened Phinizy's tenant, shot off his gun towards the house, and threatened to burn it. There were exculpatory affidavits, but the chancellor granted the attachment, and ordered Hayden to be imprisoned for ten days. He excepted.

W. F. FINDLAY; J. M. TOWERY, for plaintiff in error.

S. C. DUNLAP, for defendant.

JACKSON, Chief Justice.

The plaintiff in error was brought before the chancellor on a rule to show cause why he should not be attached for contempt in disobeying and disregarding the writ of injunction which had been granted against him.

1. A motion was made to strike the cause from the docket for this term and transfer it to the next term, the bill of exceptions having been brought too late for the present term, unless it could come up as one of the extraordinary remedies in equity under sections *3211, 3212 *et seq.* of the Code. Injunctions are so brought up, and this proceeding is absolutely necessary to make that writ effective. If defendants could disregard it with impunity, it would cease to accomplish that for which it is moulded, and the law would do, or try to do, a vain thing, and its dignity be set at naught and its authority defied. If, when the chancellor punished the defendant for the violation of the injunction, the cause could be brought here only on a slow writ of error, the policy of a fast writ of error and speedy disposition of such cases—injunction cases—would be defeated, for the injunction is worthless unless it be enforced, and the defendant could violate it for months before a hearing here, by getting the *supersedeas* of the judgment below allowed by law until the final decision of this court. We therefore hold, that all the remedies ancillary to the successful issue of the writ are extraordinary, because they partake of the nature of the great writ of injunction, which they are essential to enforce ; and among these remedies are penalties and punishment for contempt of the writ, and orders to put the parties in *statu quo*, just where the injunction found and left them. Code, §3216.

The motion to strike and transfer this case and the other of *Wimpy vs. Phinizy*, argued together, is denied, and the cases will be heard and determined on their merits now.

2. The chancellor must be allowed a very wide discretion in the matter of contempt of this writ and punishment therefor.    53 *Ga.*, 200.    Indeed the discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused.    36 *Ga.*, 346; 39 *Ib.*, 191; 56 *Ib.*, 98.

In this case that discretion has not been abused if the chancellor believed the witnesses for the defendant in error; and where these witnesses are contradicted, it is for him to reconcile or give credit where he believes it ought to go, just as a jury may do, and this court will not interfere with his judgment on the facts unless badly abused.

The conduct of the defendant was very outrageous and contemptuous of the authority of the law, if the affidavits of the witnesses for defendant in error be true, as the chancellor found them to be; and ten day's imprisonment is a light punishment for such defiance of the majesty of law.

Judgment affirmed.