KREITZER *v.* CROVATT *et al.*

1. The decision denying the motion to set aside the receiver's sale was not merely interlocutory, but final in its nature. It was therefore subject to review on a separate writ of error; and the parties to the same were sufficient, the receiver himself not being a necessary party.

2. The attorneys to foreclose a mortgage made to a trustee for the security of bondholders, the same attorneys being also attorneys for the receiver, are disqualified by their professional engagement and relation from purchasing for their own benefit the mortgaged property when sold by the receiver under the decree of foreclosure. The consent of the trustee without the consent of the bondholders will not remove the disqualification. The associates of the attorneys in making the purchase are affected by the disqualification of the latter. And inasmuch as it admits of some question under the evidence whetherthe property brought its full value, the application of one of the bondholders, made in due time and before the sale was confirmed, to set aside the sale, should have been granted and a resale ordered.          *Judgment reversed.*

August 20, 1894.

Motion to set aside sale. Before Judge SWEAT. Glynn county. August 8, 1893.

In the case of Hoyt & Company *et al. v.* The Brunswick Street Railroad Company, a receiver was appointed for the defendant. The Farmers Loan and Trust Company, as trustee for the holders of the first mortgage bonds of the railroad company, became a party by intervention. By consent of the counsel for all parties, a decree was taken for a sale by the receiver, after advertisement, of all the properties, rights, credits and franchises of the railroad company, at public outcry to the highest bidder for cash, under certain provisions. The sale was made, and the property was sold to Allison, Land, Whitfield and Crovatt for $10,000, they being the highest bidders, which sum was paid to the receiver, who thereupon made them a deed to the property. He reported to the next May term of the superior court his actions in making the sale and paying out the proceeds

thereof, asking that said actions be confirmed. At the same term Kreitzer, representing himself to be a holder of 39 of the bonds of the railroad company, of the face value of $500 each, filed his motion to disapprove the actions of the receiver, and to set aside the sale and cancel the deed, on the grounds that Crovatt & Whitfield, being counsel for the receiver and for the trustee, had no right to buy the property for their individual benefit; and that the price at which they bought was grossly inadequate. The court overruled the motion and confirmed the sale.

1. A motion to dismiss the writ of error was made, on the grounds that the judgment excepted to was interlocutory and not final, and for want of proper parties, the only parties defendant being the purchasers at the sale.

2. The evidence showed, that Crovatt & Whitfield were the counsel for the trustee of the bondholders in the original cause, and so continued to and including the day of sale. The trustee authorized them to bid for the property if they so desired. Prior to the sale they and their associates acquired by purchase $70,000 of the total issue of $150,000 of bonds of the railroad company. They believed all the other bondholders knew the sale was to take place. They sent copies of the newspapers containing the advertisement of sale to the trustee company, who assured them that they would send a copy to each bondholder. Quite a crowd were present at the sale; everything was open and fair; only one other bid ($1,000) was made; the $10,000 was paid, the receiver's deed executed, and possession of the property delivered by him to the purchasers; and no notice of objection was given until this proceeding was begun. The purchasers stood ready to take for the property a slight increase in price over what they paid, but could not find a purchaser. The evidence was con-

flicting as to whether the property brought its value at the sale; it appearing for the movant that the same consisted of nine miles of railroad track, fourteen cars, forty mules, two steamboats, a depot building and lot, all worth, without regard to franchises, $28,000 or more. During the five years in which the road had been operated, it had done business at a loss of from three to five thousand dollars a year. On the other hand, there was testimony that $10,000 was all the property was reasonably worth, that it had greatly depreciated in value, and would probably not bring over $10,000 net.

GOODYEAR & KAY and S. R. ATKINSON, for movant.
CROVATT & WHITFIELD, by HARRISON & PEEPLES, contra.