## FARMERS AND MERCHANTS BANK *et al. v.* BURWELL *et al.,* receivers.

1. A bill of exceptions assigning error upon an order confirming a sale by a receiver, passed before the final decree, is not such a judgment as can be brought to this court by fast writ of error.   The jurisdiction of this court to entertain cases relating to applications for a receiver, which can be brought up by fast writ of error, are those in which the application for a receiver has been granted or refused.
2. The motion to transfer to the docket of the next term of this court will be granted ; the motion to withdraw the bill of exceptions and file the same as exceptions pendente lite will be refused.

Argued June 6, — Decided July 12, 1904.

Motion to transfer.

*Hardeman & Jones, Davis & Turner,* for plaintiffs.
*Burwell & Cansler, Ross & Grace, A. A. & E. L. Meyer,* and *Evans & Evans,* for defendants.

COBB, J.   The judge appointed a receiver for the property of a corporation, and authorized the receiver to sell the property either

in whole or in part, but subject to confirmation by the court. The receiver negotiated a sale of a portion of the property, and application was made to the judge to confirm the sale. Objection to confirmation having been made, the judge, after hearing evidence, passed an order conditionally confirming the sale. The objectors tendered and had certified a bill of exceptions assigning error upon the order of confirmation. This bill of exceptions was not tendered within twenty, but was tendered within thirty days from the date of the passage of the order complained of. When the bill of exceptions reached this court the clerk was about to docket the case as returnable to the October term, 1904, as an ordinary writ of error. The defendants in error made application to have the case docketed to the present term as a fast writ of error, and the clerk was instructed to so enter the same on the docket, without prejudice to the right of the plaintiffs in error to move to have the case transferred to the docket of the next term. The case having been called on the docket of the present term, the defendants in error have made a motion to dismiss the writ of error, on the ground that, being a fast writ, the bill of exceptions had not been tendered within the time required by law. The plaintiffs in error thereupon made a motion to have the case transferred to the docket of the next term; and in the event this would not be done, because the case was still pending in the trial court, and no exception to the order complained of could be brought to this court until the case was finally disposed of, that they be allowed to withdraw the bill of exceptions and file it in the trial court as exceptions pendente lite. The case of *Bacon* v. *Bank*, 105 *Ga.* 700, seems to be directly controlling, and under the ruling in that case the plaintiffs in error would be required to bring the case to this court by the ordinary writ of error. The defendants in error contend that the case is one in which a fast writ of error was the appropriate method of bringing the judgment of the trial court under review, and rely upon the case of *Hayden* v. *Phinizy*, 67 *Ga.* 758. In the *Bacon* case Mr. Chief Justice Simmons referred to the *Hayden* case, and showed that it was not applicable to cases such as the one now before the court. The *Hayden* case seems to be in direct conflict with the reported decision in *Williams* v. *Lampkin*, 51 *Ga.* 214, but it is not necessary to determine now which should control. Attention is, however, called to the fact

that nothing appears in the case in the 51 *Ga.*, except a reporter's statement and a headnote made by the reporter. There is not one word in the report of the case that emanates from a judge. In addition to this, a careful examination of the minutes, records of opinions, dockets, and files in the office of the clerk fails to disclose anything in reference to the motion which appears to have been dealt with in the headnote made by the reporter. Of course there must have been something said by the court, probably an ore tenus decision on an oral motion. The time may arrive when it will be necessary to determine whether the earlier ruling of the court, which is preserved only in memoranda made by the reporter, is to take precedence of a case decided at a later time, in which a solemn judgment appears of record and an opinion penned by a judge is upon the files of the court. We leave this interesting question for future determination, simply calling attention to the anomalous condition of affairs which our investigation has developed.

The question then arises, shall the case be transferred to the next term of the court? The case is still pending in the court below, no final decree having been entered; and therefore, treating the bill of exceptions as an ordinary bill of exceptions, it is prematurely sued out, and if transferred to the docket of the next term, would be dismissed upon the call of the case. The original record in the clerk's office in *Kreitzer* v. *Crovatt*, 94 *Ga.* 694, relied on by the plaintiffs in error, shows that there was a final decree in that case; and hence the writ of error was properly maintained. If the plaintiffs in error, however, insist upon their motion to transfer, it must be granted, even though the writ of error will be dismissed on the call of the case at the next term. See *Smith* v. *Willis*, 105 *Ga.* 840 (2); *Gordon* v. *Gordon*, 109 *Ga.* 262. This was done in *Stubbs* v. *McConnell*, 119 *Ga.* 21. Anticipating that the writ of error would be dismissed at the next term, in the event the conclusion was reached that it was prematurely sued out, the plaintiffs in error have asked leave, in that event, to withdraw the bill of exceptions and file it as exceptions pendente lite in the trial court. An application of this kind is addressed to the discretion of the court. In some cases it has been granted, and in some refused. Where it is manifest that a grave injustice may be done by refusing to allow the exceptions to be treated as exceptions

pendente lite and the question as to whether the case could be brought to this court by a fast writ of error was close and doubtful, the application has been granted.　See *Atlanta National B. & L. Assn.* v. *Jones,* 111 *Ga.* 890, and cit.; *Ross* v. *Mercer,* 115 *Ga.* 353, 355, and cit.　　Treating it as doubtful whether the order complained of could be excepted to at this stage of the case, or whether, if so, the exception could be made the subject-matter of a fast bill of exceptions, still we do not think that under the facts leave should be granted to withdraw the bill of exceptions and file it as exceptions pendente lite.　　The record discloses that the order excepted to is one passed by the judge in the administration of the affairs of a corporation which the court had control of through the medium of a receiver; and to allow the bill of exceptions to be filed as exceptions pendente lite would probably operate as a great hardship upon the defendants in error and others interested with them in the property in the hands of the court. All parties appear to have been fully heard before the court, and we see no reason for relieving the plaintiffs in error from the results of their failure to file exceptions pendente lite to the order complained of within due time after the order was passed.　As the plaintiffs in error seem to insist upon their motion to transfer the case to the docket of the next term, this motion will be granted, without prejudice to the right of the defendants in error to move to dismiss the writ of error when the case is called in its order on that docket.　　The present motion of the defendants in error to dismiss the writ of error, and the application of the plaintiffs in error to withdraw the bill of exceptions and file the same as exceptions pendente lite, will be denied.