## GRAY *v.* GRAY.

1. It is the character of the case indicated in the bill of exceptions, and not the term of court stated in the judge's certificate thereto, which determines whether a case shall be heard in the Supreme Court as one brought by fast writ of error.

2. It is the duty of the clerk of the Supreme Court to inspect all bills of exceptions and enter the case therein upon the docket for the proper term; and this is true even though the term of court to which the case is returnable in the certificate of the judge is erroneously stated therein; the action of the clerk in the premises being, of course, always subject to review by the court. *Gordon* v. *Gordon,* 109 *Ga.* 262(2).

3. A judgment committing a party to jail for refusal to comply with an order requiring the payment of alimony and attorney's fees must be brought to the Supreme Court by fast writ of error.

4. A failure or refusal to comply with an order of court requiring the payment of alimony and attorney's fees is a continuing contempt, and the court may enter a judgment that the party so refusing be imprisoned until he shall comply. In such case the time of imprisonment is not within the limitation of the statute relative to a single act of contempt, that the duration of imprisonment must not exceed twenty days. *Tindall* v. *Nisbet,* 113 *Ga.* 1114(4), 1135.

5. The record discloses no abuse of discretion whatever in the action of the judge in committing to jail the husband, who had refused to pay the alimony and attorney's fees required under the previous order of the court.

Submitted July 18, 1906.—Decided January 16, 1907.

Rule for contempt. Before Judge Parker. Coffee superior court. April 16, 1906.

Louise Gray brought an application for alimony and attorney's fees against her husband, John H. Gray, and, upon the hearing, the judge directed the payment of certain amounts as alimony and attorney's fees. The husband failed to pay, and the wife applied

for an attachment for contempt. After the hearing the husband was committed to jail, there to remain until he complied with the order of the court. He excepted to this ruling of the judge, upon the ground that the authority of the judge to imprison was limited to twenty days, and there was no evidence authorizing the judgment. The bill of exceptions was sued out as an ordinary writ of error. The clerk of the Supreme Court placed it upon the docket as a fast writ of error. The plaintiff in error made a motion in this court to transfer the case to the succeeding term of the court.

*Langford & Dickerson,* for plaintiff in error.

*John W. Bennett* and *Hendricks, Smith & Christian,* contra.

COBB, P. J. (After stating the facts.)

1-3. The questions dealt with in the first and second headnotes require no elaboration. Whether a case of the character now under consideration should be brought to this court by fast writ of error or by ordinary writ of error is involved in some confusion, on account of apparently different rulings on the subject. In *Williams* v. *Lampkin,* 51 *Ga.* 214, there is a ruling that an exception to the judgment of a chancellor, attaching a defendant in an equity case, for contempt committed in violation of an injunction, can not be brought to this court by fast writ of error. In *Farmers and Merchants Bank* v. *Burwell,* 120 *Ga.* 541, attention is called to the fact that nothing appears in the case in the 51 *Ga.* except the reporter's statement and the headnote by the reporter, there not being one word in the report of the case which emanates from a judge. In addition to this, a careful examination of the minutes, records of opinions, dockets, and files, in the office of the clerk, fails to disclose anything in reference to the motion which appears to have been dealt with in the headnote made by the reporter. There was probably something said by the court. It may have been a decision ore tenus upon an oral motion. The authenticity of the decision so reported rests alone upon the mere statement of an officer of the court. In *Hayden* v. *Phinizy,* 67 *Ga.* 758, it was held that the power to attach for contempt for violating an injunction being absolutely essential to the effectiveness of the writ, a proceeding for that purpose was so connected with the injunction that a decision might be brought to the Supreme Court by fast writ of error. In the case just cited the case in the 51 *Ga.* is not alluded to. The *Hayden* case is cited with approval in *Ryan* v.

*Kingsbery,* 88 *Ga.* 364. In *Gordon* v. *Gordon,* 109 *Ga.* 262, the writer overlooked the case of *Hayden* v. *Phinizy;* and if there is anything in the *Gordon* case which conflicts with the *Hayden* case, of course it must yield to the former decision. If that which purports to be a decision, in the 51 *Ga.,* is eliminated, as it must be, the decision in the *Hayden* case contains the oldest ruling on the subject, and must be followed. The reasoning of Mr. Chief Justice Jackson in that case is certainly strong, and the conclusion is in consonance with the prompt enforcement of obedience to lawful orders of the court. The clerk properly docketed the case as one brought to this court by fast writ of error, and the motion to transfer must be denied.

4, 5. The remaining headnotes require no elaboration. The record not only fails to disclose any abuse of discretion whatever, but rather indicates a wise and salutary exercise of power, calculated to impress upon one who has wilfully failed to comply with an order of the court the authority of the court to compel obedience.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*