NIPPER v. NIPPER.

HOLDEN, J. 1. The fact that the wife was earning an amount sufficient to maintain her would not of itself be sufficient to relieve the husband of his legal obligation to support her, or be a sufficient answer to a rule nisi to show cause why he should not be attached for contempt for failing to comply with an order previously granted awarding temporary alimony and counsel fees against him in favor of his wife. *Sumner* v. *Sumner*, 118 *Ga.* 408, 410 (45 S. E. 315).

2. Where a supersedeas must be obtained under the provisions of the Civil Code, § 5552, the filing of a bill of exceptions does not operate as a supersedeas where the affidavit filed by the plaintiff in error, in lieu of paying the costs and giving the bond, states the inability of affiant to pay the costs and conjunctively states his inability to give the security for the eventual condemnation-money. *Flanagan* v. *Scott*, 102 *Ga.* 399, 401 (31 S. E. 23) ; *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126, 130 (32 S. E. 30) ; *Gustoso Cigar Co.* v. *Ray*, 117 *Ga.* 565, 566 (43 S. E. 984) ; *Cummings* v. *Clegg*, 82 *Ga.* 763 (9 S. E. 1042).

(a) When the husband filed a bill of exceptions to the order awarding temporary alimony against him, whether in order to obtain a supersedeas it was necessary to obtain an order granting a supersedeas, or conform to the requirements of said section, need not be considered, as it did not appear that he did either.

3. No error of law requiring a new trial was committed, and the evidence was sufficient to support the granting of the attachment for contempt.

*Judgment affirmed. All the Justices concur.*

Argued July 13,—Decided August 13, 1909.

Contempt. Before Judge Park. Turner superior court. May 8, 1909.

*J. A. Comer* and *Claude Payton*, for plaintiff in error.

*J. T. Hill, T. R. Perry*, and *J. H. Pate*, contra.