## GIBSON *v.* WOOD.

No. 17182. September 13, 1950.

J. *Paxson Amis,* for plaintiff.

*Gleason & Painter,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The Code, § 30-127, declares: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children." In *Johnson* v. *Johnson,* 131 *Ga.* 606 (1) (62 S. E. 1044), it was said in the opinion: "This section of the Code contemplates that the judge, and not the jury, shall dispose of the children of the marriage. If the court should award the custody to the mother, and the father desired to except to the decree in this particular, error should be assigned upon the decree. It is not a ground for new trial."

The above requirement for a direct bill of exceptions and not a motion for a new trial, in the event a losing party desires to except to a judgment awarding the custody of children, constitutes an exception to the general rule that, "where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial." *Chance* v. *Simpkins,* 146 *Ga.* 519 (91 S. E. 773); *Pace* v. *Shields-Geise Lumber Co.,* 147 *Ga.* 36 (92 S. E. 755); *Martin* v. *Ware,* 179 *Ga.* 733 (177 S. E. 765). See also *Jones* v. *Bank of Lula,* 135 *Ga.* 680 (70 S. E. 648); *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655); *Phillips &*

*Crew Co.* v. *Jones & Hancock,* 139 *Ga.* 160 (4) (76 S. E. 1019); *Wilson & Co.* v. *Millner,* 29 *Ga. App.* 265 (116 S. E. 122); *Gold-smith-Leslie Co.* v. *Whitehead,* 41 *Ga. App.* 287 (2) (152 S. E. 589); *Morris* v. *Shaw,* 44 *Ga. App.* 222 (7) (160 S. E. 820).

Accordingly, the trial court did not err in dismissing the motion for new trial on the ground that a direct bill of exceptions was the proper procedure.

*Judgment affirmed. All the Justices concur.*