CRUTE v. CRUTE.

WYATT, Justice. 1. A motion to modify a temporary-alimony decree, based upon the ground that the plaintiff in error was ignorant of the law requiring him to comply with the order awarding temporary alimony during the pendency of a motion for new trial filed by him in the divorce case, and that he did not know that his attorney had filed the motion for new trial, was properly dismissed on motion. See *Powell* v. *Powell*, 200 *Ga.* 379 (37 S. E. 2d, 191), and cases there cited.

2. "A judgment committing a party to jail for refusal to comply with an order requiring the payment of alimony and attorney's fees, must be brought to the Supreme Court by fast writ of error" (now direct bill of exceptions). *Gray* v. *Gray*, 127 *Ga.* 345 (3) (56 S. E. 438). Where, in this case, this was not done, but a motion for new trial was filed, an order dismissing the motion for new trial was proper.

3. Where the evidence is conflicting, as in this case, the discretion of the trial judge adjudging the husband to be in contempt of court for failing to pay alimony will not be distrubed. See *Walden* v. *Chester*, 204 *Ga.* 323 (49 S. E. 2d, 760); *Coleman* v. *Coleman*, 205 *Ga.* 92 (52 S. E. 2d, 438); *Townsend* v. *Townsend*, 205 *Ga.* 82 (52 S. E. 2d, 324). From what has been said above, it follows that the grounds of error assigned in this case are without merit.

*Judgment affirmed. All the Justices concur.*

No. 17822. SUBMITTED APRIL 15, 1952—DECIDED MAY 12, 1952.

*O. C. Hancock* and *D. W. Rolader*, for plaintiff in error.
*Marvin G. Russell* and *Turner Paschal*, contra.