### 22202. MOORE v. BRAY.

CANDLER, Justice. The marriage between the plaintiff and the defendant was dissolved by divorce in 1960. At that time custody of their two minor children was awarded to the father ten months during each year and to the mother for the remaining two months. On October 17, 1962, custody of the children was awarded to the mother with specified visitation rights in the father. The father filed this proceeding against the mother, his divorced wife, and prayed that custody of the children be awarded to him, alleging that there had been a substantial change in conditions affecting the welfare of the children since such decree was rendered. After a hearing, the prayer of his petition for a new custody award was denied. He did not except directly to that judgment but filed a motion for new trial on the usual general grounds and amended it by adding special grounds. His motion was overruled and the exception here is only to that judgment. A motion has been made to

dismiss the bill of exceptions on the ground that the custody judgment cannot be complained of in a motion for new trial but must be timely excepted to in a direct bill of exceptions. *Held:*

It is settled by the unanimous holdings of this court in *Johnson v. Johnson,* 131 Ga. 606 (1) (62 SE 1044) ; and *Gibson v. Wood,* 207 Ga. 282 (61 SE2d 125), that a judgment fixing custody of minor children where their parents have been divorced cannot be complained of in a motion for new trial but must be timely excepted to in a direct bill of exceptions. This being the procedure which must be followed in such cases, the bill of exceptions assigning error on the judgment overruling the father's amended motion for new trial is an improper assignment and presents nothing for decision. For other cases bearing on this question and consistent with the ruling we make, see *Adams v. Perry,* 213 Ga. 479 (99 SE2d 881) ; and *Bridges v. Elrod,* 216 Ga. 102 (114 SE2d 874). Hence the bill of exceptions must be and is

*Dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1963—
DECIDED OCTOBER 10, 1963.

*James L. Moore, Clark Ray, W. T. Tapp,* for plaintiff in error.
*James P. Turner,* contra.