23148. CODY v. CODY (now MITCHELL).

SUBMITTED OCTOBER 13, 1965—DECIDED JANUARY 6, 1966—
REHEARING DENIED JANUARY 18, 1966.

*Gilbert, Patton & Carter, Fred A. Gilbert, Horace Campbell,*
for appellant.

*John E. Feagin,* for appellee. .

MOBLEY, Justice. Appellee, Mrs. Virginia Mitchell (formerly Cody) obtained an order adjudging her former husband, William J. Cody, in contempt for failure to pay alimony and child support as required by a previous order of the court. The appellant, Cody, filed his motion to modify this order. At the hearing on the motion after the presentation of evidence, the judge entered an order on May 19, 1965, adjudging appellant in contempt of court for failure to make alimony payments stating that the evidence showed appellant to be delinquent in the amount of $808. Appellant filed a motion for new trial on June 2, 1965. Following two continuances, the motion came on to be heard on July 26, 1965, at which time the judge dismissed the motion for new trial on the ground that it was not the proper remedy.

Appellant filed his notice of appeal on August 5, 1965, assigning error upon (1) the decree of May 19, 1965, adjudging him in contempt on the ground it was not supported by the evidence and was contrary to law, (2) the ruling of the court placing upon him the burden of proving that he was not in contempt of court, and (3) the order dismissing his motion for new trial.

Appellee relies solely upon the proposition that the trial judge properly dismissed the motion for new trial and that the other alleged errors were merged in the motion for new trial and thus were disposed of by said dismissal.

1. In our view of this case the sole question for determina-

tion is whether the motion for new trial was a proper remedy to review the correctness of the decree adjudging appellant in contempt. Appellee contends that it is not the proper remedy under the rulings of this court in *Gray v. Gray*, 127 Ga. 345 (3) (56 SE 438) and *Crute v. Crute*, 209 Ga. 59 (2) (70 SE2d 729) which states: " 'A judgment committing a party to jail for refusal to comply with an order requiring the payment of alimony and attorney's fees, must be brought to the Supreme Court by fast writ of error' (now direct bill of exceptions). *Gray v. Gray*, 127 Ga. 345 (3) (56 SE 438). Where, in this case, this was not done, but a motion for new trial was filed, an order dismissing the motion for new trial was proper."

The ruling in *Crute v. Crute*, supra, rests upon the decision of this court in *Gray v. Gray*, supra, which deals with the question of whether a judgment, such as the one in the instant case holding a party in contempt, should be reviewed by fast writ of error or by the regular method. In reaching the conclusion that it must be reviewed by fast writ of error, the court in *Gray v. Gray*, supra, followed the reasoning in *Hayden v. Phinizy*, 67 Ga. 758, which was approved in *Ryan v. Kingsberry*, 88 Ga. 361 (14 SE 596). In *Hayden v. Phinizy*, supra, the exception was to an order imprisoning Hayden for violating an injunction, and the question for decision was whether the case could be reviewed by a fast bill of exceptions. This court held it could, since, under the existing law, if it were brought by slow writ of error "the defendant could violate it for months before a hearing here, by getting the supersedeas of the judgment below allowed by law until the final decision of this court." *Hayden v. Phinizy*, supra at p. 759. The court stated in effect that the injunction would be of no value unless enforced and defendant could avoid its enforcement if allowed to bring the case up by the regular bill of exceptions since he could then obtain a supersedeas of the judgment as a matter of right.

If, as it seems, the holding in *Crute v. Crute*, supra, arises from the conviction that appeals from contempt proceedings should be by fast bill of exceptions rather than by the regular bill of exceptions for the reasons set out in *Hayden v. Phinizy*,

supra, and *Ryan v. Kingsberry*, supra, to follow it here would carry the principle of stare decisis to an illogical end.

Obviously the *Crute* case is based upon precedent concerned with a question which is now moot—whether a judgment shall be reviewed by a regular bill of exceptions or by a fast bill— since the fast bill of exceptions has been abolished. See *Code Ann.* §§ 6-903, 6-907 (Ga. L. 1870, pp. 406, 414 as amended by Ga. L. 1946, pp. 726, 735, 738; 1953, Nov. Sess., pp. 279, 280; 1957, pp. 224, 233). The apparent logic of the ruling is that the appeal would be more expeditious and appellant could not obtain a supersedeas as a matter of right under a fast bill of exceptions. Thus, the filing of the motion for new trial as groundwork for appellate review was held improper as it would entitle the plaintiff in error to appeal under the regular bill of exceptions and to supersede the judgment of the trial court. Yet the fast bill of exceptions was no longer practicable as it had been abolished by the legislature in 1946 (Ga. L. 1946, pp. 726, 735, 738) prior to the decision in *Crute v. Crute*, supra, in 1952.

In addition to what has been said above, the question of the right to a supersedeas in contempt cases had been laid to rest by the legislature in 1939 (Ga. L. 1939, p. 260; *Code Ann.* § 6-1009). Under this statute a party adjudged in contempt (except contempt in the presence of the court during a proceeding—not present in the instant case) is entitled as a matter of right to a supersedeas upon written notice that he intends to except to the court's judgment. Thus, the reasoning in *Crute v. Crute*, supra, and in those cases upon which it relies has been rendered meaningless by statutory change in the law.

Prior to the decision in *Crute v. Crute*, supra, this court had set down the general proposition that: "A motion for new trial is a means of seeking to have a retrial or re-examination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury, report of a referee, or a decision by the court thereon." *Buchanan v. James*, 134 Ga. 475 (1) (68 SE 72). See also *Gibson v. Wood*, 207 Ga. 282, 283 (61 SE2d 125); *Castellaw v. Blanchard*, 106 Ga. 97 (31 SE

680

801); Bell v. Mutual Fed. Savings &c. Assn., 107 Ga. App. 444 (1) (130 SE2d 615).

Having given notice and the opportunity to submit additional briefs to counsel for both parties in accordance with *Code* § 6-1611, we hereby overrule the decision in *Crute v. Crute*, supra, for the foregoing reasons, and hold that the right to file a motion for new trial lies to review a judgment or decree adjudging a party in contempt for failure to pay alimony upon the finding by the judge without a jury. We do not disturb the holdings in *Gray v. Gray*, supra, *Hayden v. Phinizy*, supra, and *Ryan v. Kingsberry*, supra, as they accord with the law in existence at the time of their rendition.

The trial court erred in dismissing the motion for new trial.

*Judgment reversed. All the Justices concur.*