24848. SMITH v. SMITH.

ARGUED SEPTEMBER 12, 1968—DECIDED OCTOBER 10, 1968.

690

*Frank M. Gleason,* for appellant.

*Joseph E. Loggins, Cook & Palmour, A. Cecil Palmour,* for appellee.

NICHOLS, Justice. ■ On the hearing to determine if the appellant was in contempt of court the trial court sustained an objection to two reports denominated by the appellant "audits" prepared by a firm of certified public accountants. The "audits" designated by the firm preparing them as "financial statements" state that the information contained therein was taken from the corporation's records, and that no audit had been made. The appellant contends that such evidence was admissible under the Act of 1952 (Ga. L. 1952, p. 177; *Code Ann.* § 38-711). The Act of 1952 provides in part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event."

In *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344), the 1952 Act of the General Assembly was thoroughly discussed and under such decision the financial statement compiled from the records of the corporation is not itself a "Memorandum or record of any act, transaction, occurrence or event" but a compilation of figures furnished by someone else. Thus, the trial court did not err in excluding such evidence.

■ The trial court did not err in failing to consider evidence that the appellee was working and earning money inasmuch as in a proceeding to enforce the payment of alimony whether the wife is working and earning money is not a factor to be considered. See *Nipper v. Nipper,* 133 Ga. 216 (65 SE 405); *Breen v. Breen,* 208 Ga. 767 (69 SE2d 572).

■ In two enumerations of error it is contended that the trial court erred in refusing to permit the appellant to introduce oral testimony on the hearing of the motion for new trial which it is contended would have shown that the original judgment awarding alimony was void.

This evidence was not offered at the original trial and there is no contention that such evidence was newly discovered. "A motion for new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict; and therefore errors committed by the court in the rendition of a decree or judgment can not be reached by a motion for a new trial." *Ray v. Wood,* 93 Ga. App. 763, 764 (92 SE2d 820). The offer of such evidence at the hearing of the motion for new trial would not show that the evidence offered on the trial required a different judgment from that found by the trial court. Thus such enumerations of error are without merit.

■ The record discloses that the testimony of one witness was not transcribed due to a failure of the recording machine which was used during the trial of the case and on the hearing for motion for new trial counsel for the appellant and the court disagreed as to the content of such testimony. The dispute was not as to the total testimony given by such witness but only as to her response to a particular question. The judge stated his recollection as to such testimony and it is contended in the appellant's brief that the trial judge should have permitted the witness to be recalled and again examined as to her testimony.

While no special hearing was set to have such issue decided, the question was heard by the trial court on the hearing of the motion for new trial and under the provisions of Section 10 of the Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-805), the decision of the trial court on the question of the correctness of such testimony is not subject to review. Thus, only the transcript and the statement as to the testimony of the witness (the appellee) by the trial court can be considered in determining if the finding of the trial court was supported by the evidence.

■ The original decree, based upon an agreement between the parties required the appellant to make certain monthly payments to the appellee as alimony and child support, and on the hearing the appellant did not contend that he was not behind in the payments, but insisted that he was not in contempt of court because he did not have financial resources to pay the alimony and his health prohibited him from working and earning money to make such payments.

The appellant testified that he was unable to work and an affidavit was introduced in evidence in which his physician swore that he was totally disabled and unable to work, and that he had filed forms certifying that he was entitled to social security as a result of the total and permanent disability. However, there was also testimony that the appellant was not destitute. He had an equity of from 10 to 12 thousand dollars in a home, he owned other real estate with some 2 thousand dollars equity, he had previously owned stock in a corporation from which he had drawn a salary of $400 per week which he transferred without monetary consideration to his present wife, and she was then drawing a salary of $200 per week from such corporation, and that he was receiving some $500 per month from a disability insurance policy. Under such circumstances it cannot be said that there was no evidence to authorize the court's finding that he was in contempt of court for failure to pay the alimony required to be paid by the divorce decree, and it is well settled that the activities of the husband at all times since the judgment was rendered can be taken into consideration in determining if he is in contempt of court for failure to pay the alimony. Cf. *Heflinger v. Heflinger,* 172 Ga. 889 (159 SE 242, 76 ALR 386). Nor is there any merit in the contention that because the decree as to alimony was based upon an agreement between the parties it cannot be enforced. See *Fambrough v. Cannon,* 221 Ga. 289, 290 (144 SE2d 335), and citations.

■ The sole remaining question is whether the trial court erred in refusing to grant the appellant a supersedeas unless the appellant filed a bond to satisfy the amount found by the court to be in arrears at the time the application to hold him in contempt of court was filed. As was said in *Cody v. Cody,* 221 Ga. 677, 679 (146 SE2d 778): "The question of the right to a supersedeas in contempt cases has been laid to rest by the legislature in 1939 (Ga. L. 1939, p. 260; *Code Ann.* § 6-1009). Under this statute a party adjudged in contempt (except contempt in the presence of the court during a proceeding—not present in the instant case) is entitled as a matter of right to a supersedeas upon written notice that he intends to except to the court's judgment."

Thus, assuming but not deciding that the trial court erred in placing a condition on the granting of a supersedeas, since the record is silent as to whether the appellant filed such bond or was incarcerated, and since any damage done as a result of a failure to grant supersedeas without bond has already been done, and a reversal would not undo such damage, such judgment will not be reversed.

*Judgment affirmed. All the Justices concur.*