### 26146, 26147. ALF v. ALF; and vice versa.

ARGUED OCTOBER 13, 1970—DECIDED NOVEMBER 12, 1970.

L. D. *Skaggs,* for appellant.

*Rupert A. Brown,* for appellee.

ALMAND, Chief Justice. The main appeal in this case is from an order denying a petition for habeas corpus. In his petition, appellant sought to change the custody of two minor children, who were placed in the custody of their mother, the appellee, by virtue of a final divorce decree entered in Clarke Superior Court in November, 1969.

The cross appeal is from an order denying the motion of the appellee to dismiss the appellant's motion for a new trial.

On March 28, 1970, the court, after a hearing, entered an order denying the prayers of the father to change the custody of the two minors. On April 24, 1970, the father, appellant here, filed a motion for a new trial on the general grounds. The mother, appellee here, filed her motion to dismiss the motion for a new trial on the ground that a direct appeal, and not a motion for a new trial, was the only way to review the judgment in a case involving the custody of children.

Both motions being denied, the case is before us on the main appeal by the father and cross appeal by the mother, each assigning error on the order.

■ We consider first the cross appeal.

Section 2 of the 1965 Appellate Practice Act (Ga. L. 1965, p. 18; *Code Ann.* § 6-702) provides: "A motion for new trial need not be filed as a condition precedent to appeal or consideration of any judgment, ruling or order in any case, but in all cases where motion for new trial is an available remedy the party entitled thereto may elect to file the motion first, or appeal directly."

*Code Ann.* § 30-127 (Ga. L. 1962, pp. 713, 714) provides that in cases of divorce where the children of the parties are awarded to one of the parents, the court, "in the exercise of a sound discretion, may look into all the circumstances of the parties, . . . make a different disposition of the children."

In *Johnson v. Johnson,* 131 Ga. 606, 607 (62 SE 1044) it was said: ". . . This section of the code contemplates that

■

the judge, and not the jury, shall dispose of the children of the marriage. If the court should award the custody to the mother, and the father desired to except to the decree in this particular, error should be assigned upon the decree. It is not a ground for a new trial."

Basing its decision on *Johnson v. Johnson*, supra, this court, in *Gibson v. Wood*, 207 Ga. 282 (61 SE2d 125) held: "Where the losing party desires to except to a judgment awarding the custody of a child, the proper procedure is by direct exceptions to the decree, and not by motion for a new trial."

At the time the 1965 Appellate Practice Act was adopted, in a case involving the custody of children between the parents, a motion for a new trial was not an available remedy to review such judgment.

The appellee in the cross appeal relies on the case of *Cody v. Cody*, 221 Ga. 677 (146 SE2d 778) where it was held that a motion for a new trial is a proper remedy for attacking a decree or judgment holding a party in contempt for failure to pay alimony. This case was decided after the adoption of the 1965 Appellate Practice Act. The holding in that case, in effect, was that in a contempt case for failure to pay alimony, a motion for a new trial was an available remedy under the 1965 Act. That case is not controlling here. It might be noted that this court, in *Cody v. Cody*, supra, cited in support of its decision, *Gibson v. Wood*, supra.

It was error to overrule the motion to dismiss the motion for a new trial.

■ The notice of appeal (August 13, 1970) from the order of March 28, 1970, denying the motion of the appellant to change the custody of the minor children was not filed within 30 days from the date of the judgment. Therefore, *Code Ann.* § 6-803 (Ga. L. 1968, pp. 1072, 1077) requires that the main appeal be dismissed.

*Judgment on cross-appeal reversed; main appeal dismissed. All the Justices concur.*