26831. GHINGOLD v. GHINGOLD.

SUBMITTED NOVEMBER 8, 1971—DECIDED JANUARY 6, 1972.

*Nicholson & Fleming, John Fleming,* for appellant.

*Allgood & Childs, Thomas F. Allgood,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of a motion for new trial in a divorce and alimony case. The only question for decision by this court is whether there was error in the admission of certain written evidence.

The evidence objected to by the husband (appellant) consisted of financial statements of the operations of three companies owned jointly by the husband and his mother and brother. The statements showed the earnings of the companies and the salary drawn by the husband from each of the companies for the years 1967, 1968, and 1969. The objection made was that they did not reflect what the husband himself earned, but reflected the earnings of the companies in which he has a third interest, and that they contained information in them not related to the case.

The evidence was not subject to the objection made, as the statements reflected the earnings and assets of the husband as a partner in the three businesses.

In the motion for new trial and the brief in this court, counsel for the husband asserts that the evidence was hearsay; and that it was not admissible under *Code Ann.* § 38-711 (Ga. L. 1952, p. 177), relating to the admission of writings, etc., made in the regular course of business, citing *Smith v. Smith,* 224 Ga. 689 (1) (164 SE2d 225). Counsel argues that even though proper objection was not made at the trial, a verdict based on hearsay evidence was not authorized.

The statements were prepared by a certified public accountant employed by the husband, and were produced at the trial by the husband in response to a notice to produce. The husband testified that they were true and correct statements of the operations of the three businesses in which he was a partner. Under this admission by the husband, the statements were not hearsay and were competent evidence. See *Gregory v. Star Enterprises,* 122 Ga. App. 12 (2) (176 SE2d 241).

*Judgment affirmed. All the Justices concur.*