30543, 30607. ADAIR v. ADAIR; and vice versa.
30608. ADAIR v. ADAIR.

UNDERCOFLER, Presiding Justice.

This is a custody dispute. The parties were divorced on June 24, 1974. Custody of their 7-year-old child was

awarded to the wife with visitation rights to the husband. In November 1974 the husband filed a petition to modify the custody award. On August 22, 1975, custody was awarded to the husband with visitation rights to the wife. On August 26, 1975, the wife moved for a new trial. *Alf v. Alf*, 226 Ga. 880 (178 SE2d 187) (1970) stating that a motion for new trial is not an available remedy to review a contested custody case between parents is no longer viable. Code Ann. § 81A-152 (a) (Acts 1969, pp. 645, 646; 1970, pp. 170, 171) has been made applicable to such cases. *Githens v. Githens*, 234 Ga. 715 (217 SE2d 291) (1975). Code Ann. § 81A-152 (b) authorizes motions for new trials in such cases. On September 22, 1975, the court ex mero motu revoked its order of August 22, 1975, and entered a new order continuing custody in the husband but giving the wife 10 months visitation rights each year with special visitation rights to each during certain holidays. On September 29, 1975, the wife moved to vacate the September 22, 1975 order and petitioned for permanent custody. A rule nisi issued. At that time the court held the husband in contempt until he produced the child. On December 12, 1975, the parties agreed to share the child equally pending appeals. *Held:*

1. Appellant husband contends that the order of September 22, 1975, is void because the August 1975 term of court had expired and it lost jurisdiction to amend its order of August 22, 1975. The wife filed a motion for new trial on August 26, 1975. That motion may be acted upon at a subsequent term. Code Ann. § 70-301. The motion for new trial extended the matter beyond the expiration of the term. The motion for new trial has not been formally acted upon and is still pending. Until it is acted upon the order of August 22, 1975, is superseded. Code Ann. § 81A-162 (b). Accordingly we conclude that the wife retains custody of the child under the June 24, 1974 decree and the order of September 22, 1975, is void. We note that the trial judge in a hearing on October 20, 1975, stated orally that the motion for new trial was granted; however, the record does not show a written order was entered in the matter. Subsequent orders challenged in appeal no. 30608 to compel the production of the child in court are moot.

2. The order of August 6, 1975, even if a final order, did not preclude the order of August 22, 1975, entered during the same term of court. *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130) (1950).

3. The order of August 22, 1975, does not contain findings of fact and conclusions of law as required by *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975). The trial court is directed to enter its findings of fact and conclusions of law on which its decision is based if a new trial is not granted.

4. The appellee's motions to dismiss the appeals in Cases no. 30543 and no. 30608 are denied. The appellant's motion to dismiss the cross appeal in Case no. 30607 is denied.

*Judgment reversed in appeal no. 30543. Appeal no. 30608 is dismissed for mootness. Judgment in cross appeal no. 30607 reversed with directions. All the Justices concur.*

ARGUED JANUARY 15, 1976 — DECIDED
MARCH 11, 1976.

*Jack P. Turner, Nelson G. Turner, Robert G. Wellon,* for appellant.

*Flournoy & Still, Robert E. Flournoy, Jr., Frank W. Virgin,* for appellee.