## 74366. DEPARTMENT OF TRANSPORTATION
## v. FITZPATRICK et al.
### (361 SE2d 241)

CARLEY, Judge.

Appellant-condemnor Georgia Department of Transportation filed a declaration of taking, thereby condemning a portion of property which was leased by appellee-condemnees and on which they conducted a business. The condemnation also resulted in the destruction of certain personalty belonging to appellees. Appellees filed a timely appeal to the superior court and the case was tried before a jury. The jury returned a verdict for appellees in the amount of $27,000. Appellant appeals from the entry of judgment on the jury verdict.

1. Appellees tendered for admission into evidence unaudited financial statements which had been prepared by independent accountants who were not present in court to authenticate the reports. Over appellant's objection, the trial court admitted the unaudited financial statements into evidence as business records. The trial court's ruling is enumerated as error.

"In *Martin v. Baldwin*, 215 Ga. 293 (110 SE2d 344) [(1959)], [OCGA § 24-3-14] was thoroughly discussed and under such decision the financial statement compiled from the records of the corporation is not itself a 'Memorandum or record of any act, transaction, occurrence or event' but a compilation of figures furnished by someone else. Thus, the trial court did . . . err in [admitting] such evidence." *Smith v. Smith*, 224 Ga. 689, 690 (164 SE2d 225) (1968). Appellees' reliance on *Ghingold v. Ghingold*, 228 Ga. 515 (186 SE2d 747) (1972), is misplaced. In that case, the unaudited financial statements were admitted without objection and, notwithstanding their being hearsay, the statements were held to have probative value, not as business records, but only under the alternative theory that they constituted an admission of one of the parties. In this case, there was a timely objection to the admission of the statements and, if they were not admissible as business records, they have no probative value under any alternative theory. The trial court erred in admitting into evidence the unaudited financial statements in this case.

2. As to appellees' recovery of business losses, the denial of appellant's motion for new trial on the general grounds is enumerated as error.

The burden was upon appellees to produce evidence that the condemnation had resulted in business losses which were permanent rather than temporary. See generally *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. 229 (264 SE2d 174) (1980); *Metro. Atlanta Rapid &c. Auth. v. Datry*, 235 Ga. 568 (220 SE2d 905) (1975); *Department of Transp. v. Dent*, 142 Ga. App. 94 (1) (235 SE2d 610)

(1977). However, appellees produced no probative evidence whatsoever to authorize a finding of any permanent business losses attributable to the partial taking. The only evidence that appellees did produce is the unaudited financial statements discussed in Division 1 of this opinion and the testimony of one of the appellees who, in effect, merely testified from those documents rather than from personal knowledge. For the reasons discussed in Division 1, such evidence was hearsay and without probative value, even assuming that it had been admitted without objection.

Moreover, even assuming that appellees' evidence had been admissible and that it did have probative value, it would have shown only an increasing *improvement* in the finances of appellees' business in each of the years following the completion of the project for which the property had been condemned. Such evidence would not authorize a recovery for permanent business losses attributable to the condemnation. To the contrary, such evidence would show that any alleged business losses were nonrecoverable, insofar as such losses were limited in duration and were attributable to the construction of the project rather than to the partial taking. "Damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty. [Cits.]" *Department of Transp. v. Dent*, supra at 94 (1). See also *Downside Risk, Inc. v. MARTA*, 168 Ga. App. 202, 206 (6) (308 SE2d 547) (1983). Since there was no probative evidence whatsoever as to any permanent business losses which were attributable to the condemnation, the general grounds of appellant's motion for new trial were meritorious as to this element of appellees' recovery.

3. On direct examination, one of the appellees testified that the value of certain personalty lost as the result of the taking was $7,000. On cross-examination, however, it was established that the $7,000 figure represented the original purchase price of the personalty and did not include any element of depreciation. The witness then testified that he thought that the personalty would have a value of $5,000 if depreciation were taken into account, but he offered no testimony as to the formula or basis that he used to compute the depreciation in arriving at the $5,000 figure. Appellant moved to strike the appellees' testimony as to value of the personalty. The trial court's denial of appellant's motion to strike is enumerated as error.

Where "the only evidence offered . . . concerns the replacement costs, there is not a sufficient guide given to the jury to enable them to reach an appropriate verdict. . . . [I]n the case of property which has some age, depreciation and other factors must of necessity be considered." *State Hwy. Dept. v. Murray*, 102 Ga. App. 210, 214 (115 SE2d 711) (1960). "[N]owhere in the record [in this case] is there suf-

ficient evidence for the jury to calculate the amount of depreciation so as to arrive at the fair market value by the replacement cost method." *Metro. Atlanta Rapid &c. Auth. v. Dendy*, 250 Ga. 538, 542 (1a) (299 SE2d 876) (1983). Accordingly, the trial court erred in denying appellant's motion to strike. Since there was no probative evidence as to the value of the personalty lost as the result of the condemnation, it follows that the general grounds of appellant's motion for new trial were also meritorious as to this element of appellees' recovery.

4. Appellant's remaining enumerations relate to the issue of "uniqueness" for purposes of recovering business losses as a separate item of compensation in condemnation proceedings. It is an understatement to suggest that the concept of "uniqueness" as a prerequisite to a recovery of business losses has a confusing appellate history. See *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 543 (3) (309 SE2d 816) (1983). Appellant urges that the case at bar affords this court the opportunity to clarify the issue, overruling prior decisions and recognizing that there is a distinction between "uniqueness" for purposes of establishing the condition precedent to the right to a separate recovery of business losses on the one hand and "uniqueness" for purposes of establishing the underlying value of real property on the other. The author of this opinion would be inclined to draw the distinction suggested by appellant. See *Department of Transp. v. Vest*, 160 Ga. App. 368, 371-373 (287 SE2d 85) (1981) (special concurrence). See also Pursley, Ga. Eminent Domain, § 5-12, pp. 98-102 (1982). However, it is not merely this court's earlier pronouncements which would have to be considered. Such a distinction would apparently be inconsistent with controlling Supreme Court authority. In *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980), our Supreme Court held: "[B]usiness losses are recoverable as a separate item only if the property is 'unique.' [Cits.] The meaning of the term 'unique' is as set forth in *Housing Authority &c. of Atlanta v. Southern R. Co.*, 245 Ga. 229 [(264 SE2d 174)] (1980)." The definition of "uniqueness" contained in the *Southern R. Co.* decision, which was also a business losses case, focuses merely upon the value of the real property and not upon the relationship between the property and the business conducted thereon. Compare *Metro. Atlanta Rapid &c. Auth. v. Ply-Marts, Inc.*, 144 Ga. App. 482, 483 (1) (241 SE2d 599) (1978). Thus, in both *Southern R. Co.*, and in *Dixie Hwy. Bottle Shop*, our Supreme Court has apparently held that there is no viable distinction between the concept of "uniqueness" for the separate purposes. Accordingly, the case at bar may be a proper vehicle for the Supreme Court to reconsider its prior holdings on the "uniqueness" issue as it relates to business losses and to make a definitive and clarifying pronounce-

ment on that issue. Until that time, however, this court does not consider itself to be authorized to draw a distinction between "uniqueness" for purposes of recovering business losses and "uniqueness" for purposes of determining the value of real property.

Therefore, assuming that upon the retrial of this case, appellees produce admissible evidence of business losses which are not remote and speculative (*Department of Transp. v. Dixie Hwy. Bottle Shop*, supra), of business damages that are permanent rather than temporary (*Theo v. Department of Transp.*, 160 Ga. App. 518 (3) (287 SE2d 333) (1981)), and of "uniqueness" under any of the currently authorized definitions of that term (*Department of Transp. v. 2.734 Acres of Land*, supra), the trial court would be authorized to give instructions on uniqueness and on the recoverability of business losses by appellee.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1987.

Dennis S. Mackin, J. Matthew Dwyer, Jr., Beryl H. Weiner, Thomas C. Dempsey, Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, for appellant.

John C. Gray, Lori E. Schreiber, for appellees.