### 44688. JOHNSON v. LANGLEY et al.

JORDAN, Presiding Judge. This is an appeal from a judgment for the defendant in a personal injury action. The complaint, although based primarily on the alleged deliberate conduct of the defendant in pushing the plaintiff's husband against the plaintiff during the course of an argument concerning payment for repairs and possession of the keys to an automobile which the defendant had repaired for the plaintiff and her husband, includes allegations purporting to show a claim based on the negligent conduct of the defendant. There is some evidence from which a jury could determine that the defendant's conduct was unintentional, but also not in the exercise of ordinary care, and that he did in fact brush against the husband, and thereby push him against his wife, causing the injuries complained of. The instructions of the court to the jury limit recovery solely to the theory of a wilful tort, and exclude negligence as a basis of recovery, despite the timely objection of the plaintiff's attorney.

The court erred in refusing to allow the jury to consider negligence of the defendant as the proximate cause of the plaintiff's injuries. It is the duty of the court, with or without a request, to charge the jury on all of the substantial issues involved in a case. *Pusser v. Thompson,* 147 Ga. 60 (92 SE 866); *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122, 126 (135 SE2d 442).

The remaining enumerations are without merit.

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 5, 1970.

*C. C. Perkins,* for appellant.

*Tisinger & Tisinger, David H. Tisinger,* for appellees.