## 54405. CRYMES v. RYLAND GROUP, INC.

DEEN, Presiding Judge.

This is a fraud action for damages brought against Ryland for faulty home construction. In the original complaint, Ms. Crymes alleged that Ryland, as general contractor on her home, was responsible for the negligent

construction of a fireplace chimney which caused fire damage to her home after she lit a fire in the fireplace on February 27, 1975. She claimed that Ryland negligently failed to construct a four-inch thick masonry wall between the exterior wall of her house and the flue liner as required by the National Standard Building Code as adopted by Peachtree City Building Authority. She further alleged that the upper portion of the fireplace chimney was tilted away from the exterior wall of the house in order to line the chimney with the rooftop and thereby caused a gap-like type opening in the chimney facing the exterior wall of the house and that this gap was stuffed with pieces of scrap brick and mortar. She claims that when she built a fire in the fireplace, hot gases and flames escaped through these materials and ignited the wall behind the chimney.

Ryland moved for summary judgment on the ground that absent allegations of fraudulent concealment a seller-builder is not liable for property damage allegedly resulting from negligent construction. *Welding Products of Ga. v. Kuniansky,* 125 Ga. App. 537 (188 SE2d 278). The motion was supported by an affidavit from Ryland's area production manager who testified that after construction of the masonry wall, the dwelling was inspected by a deputy building inspector with the Peachtree City Building Authority who found the dwelling in compliance with the Peachtree City Code requirements. Appellant then amended her complaint and alleged that Ryland's agents had stuffed the pieces of brick and mortar into the chimney gap to fraudulently conceal it. The motion came on for hearing at which the trial judge granted Ryland's motion. From that judgment, Ms. Crymes appeals to this court. We reverse.

The trial judge is bound to consider all the pleadings, including the amended complaint in ruling on the motion. *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (195 SE2d 277). Although appellant filed her amended complaint after appellee moved for summary judgment, she alleged fraud with specificity and added the amendment before the trial judge ruled on the motion.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact

is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). Appellee argues that the gap-like type opening caused by a tilting of the chimney away from the house would not constitute fraudulent concealment because it would of necessity be visible and thus excite appellant to further investigation which would reveal the alleged defect. Recovery would therefore be barred under Code § 37-116. We disagree that the appellant can be charged with notice of the exact and true condition of the chimney as a matter of law. Other than conclusionary arguments on appeal, appellee has placed nothing in the record to indicate either the size of the gap or that the alleged concealment is obvious enough to excite attention.

We find that an important jury issue remains as to whether or not appellant had notice of the alleged defect, and therefore the trial judge erred in granting appellee's motion for summary judgment.

*Judgment reversed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED OCTOBER 5, 1977.

*Joseph J. Anthony,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Paul Oliver,* for appellee.