## 57072. DANNY'S CABINET SHOP, INC. v. G & M FIRE EXTINGUISHER SALES & SERVICE, INC.

DEEN, Chief Judge.

Danny's Cabinet Shop brought suit against appellee alleging that it had purchased fire extinguishers from appellee, that it had contracted with appellee to service the fire extinguishers, that one of the fire extinguishers failed to operate properly while an employee was attempting to use it to extinguish a fire on appellant's premises, and as a result of appellee's negligent servicing of the extinguisher, appellant sustained substantial property damage. This appeal is brought from the trial court's grant of summary judgment in favor of appellee.

" 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are

treated with considerable indulgence. [Cit.]' *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429)." *Crymes v. Ryland Group, Inc.,* 143 Ga. App. 436, 437 (238 SE2d 764) (1977). Applying this rule to the present case, we find that the appellee has not met his burden of proof. The deposition of Stanley Lawski reveals that he was trained as a fire marshal while serving in the armed services and was working in the paint shop at the time the fire occurred. He testified that he had observed the extinguisher on numerous occasions before the fire and noted that the pressure gauge showed that the container was fully pressurized. He also testified that when he attempted to use the paint shop's extinguisher on the blaze it produced only a brief "woosh" of air and a small amount of dry chemical. C. Allen Ivey, appellant's expert witness who examined the extinguisher shortly after the fire, testified that although he was unable to determine the exact cause of the extinguisher's failure, he concluded that the extinguisher did not contain a sufficient pressure charge to expel the dry chemical with its attempted use. Among the reasons he cited for such failure was excessive chemical in the container which would not allow it to be filled with the amount of air necessary to propel the chemical and that evidence of such overfilling would not be visible on the pressure gauge. Mr. Ivey further testified that he would be unable to determine if overfilling was the cause of the lack of pressure in the extinguisher until he received information as to the size of the container either from General Fire Extinguisher or Underwriters Laboratory. As it is possible for appellant to prove at trial that appellee negligently serviced the extinguisher, the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 2, 1979.

*Kirby & Miller, Allan M. Miller,* for appellant.
*Page, Scrantom, Harris, McGlamry & Chapman,*

*William G. Scrantom, Jr., Mark R. Youmans,* for appellee.