59014. KEAPPLER v. ALLEN et al.

DEEN, Chief Judge.

In October, 1970, E. Rollie Allen and Don Randall purchased a piece of property and each held an undivided 20 percent and 80 percent interest respectively. Shortly thereafter, Randall's interest in the property was conveyed to Keappler. Allen and Keappler regularly made the mortage payments on the property on a pro rata basis according to the interest each held. On April 3, 1975, the parties entered into a sales agreement whereby Allen would sell his 20 percent undivided interest to appellant for $20,000 and a promissory note for $40,000. At closing on June 2, 1975, appellant executed the note payable to

the order of Allen's wife, Dorothy Smith Allen. Mrs. Allen brought suit against Keappler in the State Court of Fulton County seeking recovery on the note after he failed to make any payments. Several months later, appellant filed suit in superior court seeking reformation or rescission of the note alleging mutual and unilateral mistake of fact and fraud in the procurement. Subsequently, a consent order was entered which consolidated the cases in superior court. Keappler brings this appeal following the trial court's grant of appellees' motion for summary judgment. *Held:*

On a motion for summary judgment the burden of proof is on the moving party to establish the non-existence of any material fact. In making this determination, the court will resolve all doubts against the movant while treating the opposing party's papers with considerable indulgence. *Crymes v. Ryland Group,* 143 Ga. App. 436 (238 SE2d 764) (1977).

Appellant contends that the person who drafted the note failed to include an exculpatory clause which was a part of the agreement between the parties, that E. Rollie Allen at all times represented that he would have no personal liability on the note, and that he executed the note in reliance on Allen's representations. In examining the record, we find that appellant admits that he had the opportunity to read the note before signing it but that he did not do so, and that he could not recall who prepared the security deed and the note. The affidavit of Wendy A. Mickle, appellant's secretary at the time, shows affirmatively that Mr. Allen had no part in the preparation of these documents and that the documents were prepared according to appellant's instructions. Keappler wrote out the parties and terms to be used by filling in the blanks in longhand on similar forms which he then gave Ms. Mickle to copy in preparing the documents, that she inserted the parties and terms exactly as he had written, and submitted them to Keappler for proofreading.

Accordingly, we find this affidavit effectively pierces the appellant's pleadings and that the trial court did not err in granting summary judgment against him. Appellees' motion for damages based on Code Ann. §

6-1801 is denied.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED DECEMBER 5, 1979.

*Alton H. Hopkins,* for appellant.
*John A. Allen, Harold Sheats,* for appellees.