## 36239. GAUL v. KENNEDY.

CLARKE, Justice.

The appellant, Mrs. Gaul, filed suit seeking partition of a tract of land in Oconee County, alleging she held a one-half interest in the land as tenant in common with the appellee, Mr. Kennedy. Kennedy counterclaimed seeking an adjudication that Mrs. Gaul had no interest in the property and he was in fact the sole owner of the tract and praying that the cloud on his title be removed.

Mrs. Gaul based her claim on a recorded deed dated August 10, 1942, from Oconee County, Georgia, to Mr. Kennedy and Lila Kennedy, who was the mother of Mrs. Gaul and the sister of Mr. Kennedy. Lila Kennedy died in 1946. There was no administration of her estate and Mrs. Gaul is her sole heir at law. Mr. Kennedy contended in his counterclaim that he alone purchased the tract of land in 1942. He conceded that his sister had given him $100 to apply to the purchase of the land, which sold for $250, but contended the money was a loan from Lila Kennedy which he repaid with interest in 1945. He further contended that he had Lila's name placed on the deed on his own initiative to secure repayment in the event something happened to him before he was able to pay her back.

The claims were tried before a jury which returned a verdict in favor of Mr. Kennedy on the theory of implied trust and Mrs. Gaul appeals.

1. Appellant's first enumeration of error is that the trial court erred in failing to grant her motion to dismiss the counterclaim on the basis that the statute of limitation had run. The general rule in this state requires actions to enforce an implied trust to title to land to be brought within seven years from when the cause of action arose. *Richards v. Richards,* 209 Ga. 839 (3) (76 SE2d 492) (1953). The issue was raised by an oral motion to dismiss the counterclaim at the onset of trial. The trial court overruled the motion holding the defense had been waived by Mrs. Gaul since it had not been raised prior to or at the time of entry of the pretrial order.

The statute of limitation is an affirmative defense which must be set forth when "pleading to a preceding pleading." Code Ann. § 81A-108 (c). However, since it is an affirmative defense to a counterclaim in this case, the appellant argues no responsive pleading was required, relying on Code Ann. §§ 81A-107 (a) and 81A-112.

In the proceedings below, a pretrial conference was held pursuant to notice of the court, and a pretrial order was entered specifically enumerating and stating the issues to be tried. The explicit nature of the order is further emphasized by the inclusion of a

direction that the verdict "will be controlled by the issues indicated." No objection was made to the order. The issue of the statute of limitation was not raised at this time. Although the statute is waivable, it may be raised by amendment, *Security Ins. Co. v. Gill,* 141 Ga. App. 324 (233 SE2d 278) (1977), or by motion, *Phillips v. State Farm Mutual Auto. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723) (1970). However, once a pretrial order has been entered, a party may not amend without leave of court or consent of the opposite party, Code Ann. § 81A-115 (a), and once the order is entered, it "limits the issues for trial to those not disposed of by admissions and agreement of counsel; such order when entered controls the subsequent course of the action, unless modified at trial to prevent manifest injustice." Code Ann. § 81A-116. Accordingly, we find no error in the ruling of the trial court that the appellant had waived this defense to the counterclaim by her failure to raise the issue prior to the pre-trial order. See *Gauker v. Eubanks,* 230 Ga. 893 (199 SE2d 771) (1973).

2. The remaining enumerations of error concern the court's submission of the counterclaim to the jury on the theory of implied trust. The appellant complains that it was error to charge on implied trust since neither party had submitted a request to charge on this issue. At the close of the evidence, the court concluded that implied trust was the correct theory on which to submit the counterclaim and announced this decision to both parties. There is no merit to this contention. The trial judge is not confined to requests from the parties in formulating a jury charge. In fact, it is the duty of the court to charge the law which applies to the issues raised by the contentions of the parties and supported by evidence. *Johnson v. Langley,* 121 Ga. App. 111 (173 SE2d 126) (1970). The facts as alleged by the appellee, set out a cause of action for implied trust. See *Lominick v. Lominick,* 213 Ga. 53 (96 SE2d 587) (1957).

The appellant further contends that if the court was correct in charging on implied trust, it was error not to charge on the presumption of gift between brother and sister as set forth in Code Ann. § 108-116. After the charge of the court, no exception was made on the ground that the court should have charged on gift. After the court recharged the jury on implied trust, the appellant raised the issue of gift. The court ruled that since the appellant had never contended that the interest in the land was a gift from brother to sister and never raised the issue during the entire course of the trial there was no duty to charge on gift. The appellant's contention from the beginning was based on Lila Kennedy's payment of part of the purchase price which made her a co-tenant with Mr. Kennedy as evidenced by the deed. While the claim of gift was available to the

appellant, she did not avail herself of the statutory presumption. Under these circumstances, it was not error to fail to charge on gift.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 16, 1980 — DECIDED SEPTEMBER 9, 1980.

*David W. Griffeth,* for appellant.
*Judson Huff,* for appellee.