*Jack W. Carter,* for appellee.

### 60386. MacGRATH v. HOFFMAN.

DEEN, Chief Judge.

Barbara MacGrath, individually and as administratrix of the estate of her fifteen year old daughter, brings this appeal from the grant of summary judgment in favor of Barbara Gainey Hoffman, executrix of the estate of Jiles Thomas Gainey, contending that the facts were sufficient to submit the question of wilful and wanton negligence to a jury in order to avoid application of the family immunity doctrine as provided in *Wright v. Wright,* 85 Ga. App. 721 (70 SE2d 152) (1952).

The record shows that Sonja Ellen Gainey was killed in an automobile accident when an automobile driven by her father, Mrs. MacGrath's former husband, struck the rear of a truck which was either stopped or traveling in the same northbound lane of Highway 400 as the Gainey automobile. The complaint alleged that Gainey was negligent in failing to keep his vehicle under proper control, traveling too fast for conditions, and failing to keep a proper lookout for other vehicles in the roadway. After appellee filed a motion for summary judgment, she amended her complaint to allege that Gainey's acts "... constituted wilful and wanton negligence and gross neglect, and evidenced a total and utter want of care for the safety of Sonja Ellen Gainey as to amount to a malicious act, and such act of cruelty as to authorize forfeiture of parental authority."

While the moving party bears the burden of establishing the nonexistence of any genuine issue of fact and the opposing party's papers are treated with considerable indulgence, *Crymes v. Ryland Group, Inc.,* 143 Ga. App. 436 (238 SE2d 764) (1977), "... the party opposing the motion may not rely on mere allegations or denials in his pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Burgess v. Clermont Prop.,* 141 Ga. App. 112 (232 SE2d 627) (1977). It is the duty of each party to present his case in full at the hearing on the motion for summary judgment. *Sumner-Minter & Associates, Inc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1974).

In examining the record, we find that the plaintiff has made out a showing that the deceased may have been negligent, but she has failed to set forth any specific facts to substantiate a claim of wilful and wanton negligence as envisioned in the holding in *Wright,* supra. In that case, the child's father drove his automobile at a rapid and

excessive rate of speed approaching a railroad crossing while under the influence of intoxicants and upon hitting a dip in the road lost control of the vehicle, the vehicle overturned twice and came to rest 200 yards from the railroad crossing, and the child sustained injuries. In the case *sub judice,* the police accident report shows that Gainey's car hit the truck in the rear when the truck was sitting still in the right northbound lane of traffic. The truck driver was given a citation for impeding the flow of traffic. As to Gainey, the report shows that he was not drinking, that the speed limit was 55 m.p.h. and that his estimated speed was 55 m.p.h., that his violation is listed as failure to keep vehicle under control, and that neither he nor his daughter were wearing seat belts.

In responding to interrogatories requesting the names and addresses of all persons who had knowledge of the facts, she replied: "David Edward Hylton (driver of the truck), Curtis G. Bridges (owner of the truck), Gary Holton, the Investigating Officer and his brother Larry Holton; Chief Abernathy of the Alpharetta Police Department, Steve Woodliff, address unknown; E. H. Strickland, independent tow truck operator, 120 Highway, Roswell, Georgia." However, in opposing the motion, she did not present any evidence of "... an act of cruelty sufficient to sever the parental relationship and evidenced by wanton and malicious misconduct on the part of [the deceased]." *Wright,* supra at 727. Accordingly, the trial court did not err in granting summary judgment in favor of appellee, Hoffman.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 22, 1980.

*Leroy Langston,* for appellant.

*Richard B. Eason, Jr., Horton J. Greene, Steven J. Kyle, Duane Jackson,* for appellee.