## 64242. CITY OF CORDELE v. TURTON'S, INC.

DEEN, Presiding Judge.

This appeal grows out of the litigation dealt with in *Black v. City of Cordele,* 163 Ga. App. 322 (293 SE2d 557). The City of Cordele owns and operates for profit a municipal natural gas company, and by ordinance forbids any construction or repair thereon except by its employees. The defendant Church's Fried Chicken, Inc. had purchased land adjacent to a shopping center owned by Turton's, Inc. and had contracted with defendant Southeastern Porcelain and Construction Co., Inc. to erect the building. That company hired a company belonging to one Spikes to remove an old filling station and storage tanks from the premises. The city was properly notified of the construction and was requested to disconnect and cap the gas line running through the property. The city employees appeared with a backhoe and its operator, a city Ceta employee, while attempting to uncover the line, hit it with the machine and tore it. The break was thereafter capped, tested for leaks, and re-covered with dirt.

There is a concrete wall running north and south, immediately beside which is a walkway deposed by Watson, head of the Gas Department, as being five feet in width, under which runs a one-inch natural gas pipeline in the same direction, serving a line of stores to the east belonging to Turton's, Inc. Immediately to the west of the wall is the Church's property. The gas line struck and broken by the backhoe is an auxiliary line running off the main line to the west to service that property, and apparently the main gas line was never shut off. Two days later there were complaints of a strong odor of escaping gas in buildings in Turton's shopping center, and the following morning a severe gas explosion in one of its stores killed the plaintiff's parents, who were shopping in the vicinity. The ensuing investigation revealed that the auxiliary pipe hit by the backhoe had been pulled completely away from its coupling near the retaining

wall. Large accumulations of gas were found at the site, in the surrounding earth, and under the adjacent buildings where the explosion occurred. On these facts rest the main litigation against the City of Cordele.

After the laying of the gas line alongside the retaining wall, Turton's, Inc. had employed one Hobart Miller who laid a four-inch cast iron sewer line designed to serve the shopping center over the gas line and supported on the gas line by concrete blocks. These lines were also dug up and examined during the post-explosion investigation. The gas line was removed and tested by air pressure, and a corrosion leak the size of pencil lead appeared at a point on the line under a cement block. The defendant municipality then filed a third party complaint against Turton's, Inc. alleging that Turton's would be liable for contribution as a joint tortfeasor in the event of an adverse verdict and contending that the sewer pipe which had been laid in 1959 was improperly placed over the gas pipe and over concrete blocks. It is not contested that these lines are under a walkway on Turton's property; that the gas line was installed by the city; that Turton's procured one Miller, an independent contractor, to install the sewer, and that as to him the statute of limitations has long since run. Assuming the gas leak was caused by concrete blocks, which, however, the contractor deposed were not installed during his operation, no agent of Turton's was aware of their existence. Turton's motion for summary judgment was granted and the municipality appeals. Watson, head of the Municipal Gas Department, deposed that he began working for the city in 1955 under his father and is now Operations Superintendent. He has had unspecified special training. He assisted in the post-fire investigation and saw that the sewer line was supported over the gas line by concrete blocks. In his opinion a gas leak at this point caused the explosion. He then stated his opinion that there was no safe way to install the four-inch sewer in the five-foot walkway at Turton's between the retaining wall and the back of the building either over the sewer line or anywhere around it in the space available, and his further opinion that the leak was caused by the action of chemicals in the soil set in motion by one of the concrete blocks.

Miller, of course, is not being sued. Since he performed the work as an independent contractor with no knowledge or supervision from Turton's, the latter entity cannot be liable unless under Code § 105-502 (2) "according to previous knowledge and experience the work to be done is in its nature dangerous to others, however carefully performed."

Watson's affidavit, stripped of nonessentials, says merely that there is no safe way to lay a four-inch sewer line in a five-foot walkway

in which there is already a one-inch gas pipe. Nevertheless, the affidavit of the independent contractor, a master plumber, is equally without contradiction to the effect that he used no concrete blocks in the installation of the sewer line and in over 20 years as a plumbing contractor had never used concrete blocks to support a sewer line.

It is the duty of each party to present his case in full on the hearing of the motion for summary judgment. *Morton v. Gardner,* 155 Ga. App. 600 (271 SE2d 733) (1980). While affidavits and other evidence are to be construed most favorably to the party opposing the motion where there is room for construction, mere legal conclusions will not suffice to rebut the movant's evidence. *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778 (3) (262 SE2d 189) (1979). The duty is on the party opposing the motion to set forth specific facts showing that there is a genuine issue for trial. *MacGrath v. Hoffman,* 156 Ga. App. 240 (274 SE2d 631) (1980). Mere legal conclusions must be disregarded. *Hyman v. Horwitz,* 148 Ga. App. 647 (252 SE2d 74) (1979). The facts must be such as would be admissible in evidence. Code § 81A-156 (e).

The evidence offered here is not sufficient to make a jury question. The fact that there is a contradiction between the parties as to whether or not Miller used concrete blocks in laying the sewer, or whether concrete blocks would if used cause the gas line pipe to corrode, or even whether the explosion which took place 2-1/2 days after the auxiliary and main one-inch gas lines were pulled apart was in fact significantly related to a corrosion hole the size of a lead pencil which appeared on a post-explosion pressure testing of the main line — none of these contradicted facts affect the main issue which is the liability of Turton's, Inc. for the work of the contractor who laid the sewer pipe. Such negligence, if it existed, cannot be imputed to this defendant unless the work of laying the sewer was inherently dangerous no matter how carefully performed. Sewer construction, in Osborn Contracting Co. v. Bama Utility Contractors, Inc., 591 F2d 318 (5th Cir.), was held under Georgia law not to be inherently dangerous but only so as the result of negligence. The facts alleged in the city's affidavit are that the small corrosion hole resulted from the use of cement blocks, but it is not urged that it was necessary to use cement blocks in laying the sewer pipe and Miller swears that he did not do so. The city completely fails to show that harm would have resulted except for the position of the putative cement block, nor does the affiant give any other evidentiary facts which might suggest why laying the sewer pipe in the five-foot walkway would have been attended with danger. It follows that the trial court correctly disregarded this statement as a mere conclusory allegation.

The evidence in this record utterly fails to present an evidentiary jury issue which would render the defendant Turton's, Inc. liable for the alleged acts of the contractor laying the sewer pipe. It follows that the trial court properly sustained the motion for summary judgment on the part of Turton's, the third-party defendant.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 16, 1982.

*Seymour S. Owens, Guy Velpoe Roberts, Jr.,* for appellant.
*David B. Higdon, Joseph H. Davis, Hugh F. Newberry, Thomas Thorne-Thomsen, Robert D. McCallum, Jr., Matthew H. Patton, Kevin B. Buice, Ben F. Easterlin IV, Carr G. Dodson, George M. Mixon, Henry C. Custer, Hugh M. Dorsey, Jr.,* for appellee.