A93A0192. BRIDGES v. DEPARTMENT OF TRANSPORTATION.
(432 SE2d 634)

BLACKBURN, Judge.

In 1986, the Department of Transportation (DOT) began a project widening U. S. Highway 441, which fronted the property of the appellant, John C. Bridges. The DOT initially planned to take a portion of Bridges' property, but, when an acceptable compensation could not be agreed upon, it revised its plans so that Bridges' property would not be condemned. (In 1935, the DOT acquired 100 feet of right-of-way, 50 feet to either side of the centerline of U. S. Highway 441.)

Bridges, however, commenced this action alleging that the DOT incorrectly surveyed the right-of-way, which had resulted in extending the right-of-way onto his property and depriving him of access to his property. The trial court granted summary judgment for the DOT, and this appeal followed.

The record shows that before the road construction, Bridges had two driveways accessing his property to Highway 441, and that after completion of the road, he still had two driveways. During the construction of the road, the DOT always left at least one of the driveways open, and neither driveway was relocated as a consequence of the project.

With regard to the accuracy of the survey and the location of the right-of-way, the DOT submitted the affidavit of the highway engineer who supervised the survey crew, who stated that the right-of-way line was determined by measuring 50 feet from the centerline of

Highway 441. Following Bridges' protest regarding the right-of-way line, he resurveyed the location and found no error in the original survey. The DOT also submitted the affidavit of one of its district engineers, who stated that since 1962 there had been six construction projects involving the right-of-way in question, and that the available DOT roadway plans indicated that the centerline of Highway 441 had not been shifted or moved.

In response, Bridges submitted the affidavit of an engineer who concluded that prior improvement projects changed the course call on the survey by two degrees and that the DOT's line was off by three to five feet along the frontage of Bridges' property; however, he stated no facts upon which he based his findings.

1. "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

"Surveying is in no sense a question of opinion and, regardless of the skill of a surveyor, he accomplishes his work by the use of instruments whereby exact courses and distances are fixed, and from these, precise mathematical calculations are made. To substitute opinion for facts at any point, nullifies the entire process." *Lively v. Lively*, 206 Ga. 606, 608 (58 SE2d 168) (1950).

In the instant case, the DOT presented evidence of how it surveyed the right-of-way in question, and that the centerline of Highway 441, which constituted the crucial measuring point, had not been moved since at least 1962 (when Bridges acquired his property). This evidence, if unrebutted, establishes that the DOT's survey was correct.

In response to the DOT's evidence, Bridges submitted an affidavit which merely states a conclusion that the DOT's measurements were incorrect by three to five feet because of a two-degree change of course of the right-of-way, without providing any factual basis for that conclusion. " 'Generalized arguments amounting to mere conclusions have no probative value to pierce the facts presented by the movant for summary judgment. (Cit.)' [Cit.]" *E. H. Crump Co. v. Millar*, 200 Ga. App. 598, 601 (3) (409 SE2d 235) (1991). Bridges thus failed to point to or adduce specific evidence that gave rise to a triable issue in this regard.

2. Concerning Bridges' complaint that the DOT's road project deprived him of his access to Highway 441, it is uncontroverted that his

two driveways connecting his property to Highway 441 were not closed or relocated as a result of the road construction project. During the construction, at least one of the driveways always remained open. Accordingly, the undisputed evidence negated Bridges' claim that the DOT had closed his access to Highway 441, and summary adjudication of this issue in favor of the DOT also was appropriate.

To the extent that Bridges experienced some temporary inconvenience caused by the road construction, it is well-settled that " '[d]amages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty. (Cits.)' [Cit.]" *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249, 250 (2) (361 SE2d 241) (1987); accord *Hillman v. Dept. of Transp.*, 257 Ga. 338, 340 (359 SE2d 637) (1987).

3. On appeal, Bridges also contends that factual issues remain concerning the DOT closing his access to a county road abutting his property, as well as a property-line driveway. As a consequence of the DOT's widening of Highway 441, Bridges' driveway connecting onto the county road was too close to the revised intersection of the county road and Highway 441. The DOT offered to move the driveway approximately 50 feet to the west of its old location, provided that Bridges execute the requisite driveway easement, but Bridges refused this offer.

However, Bridges did not assert these claims in his complaint, or in the pretrial order entered on February 18, 1991, which only alleged that the DOT closed his two driveways accessing his property to Highway 441. On July 25, 1991, without leave of court or consent of the DOT, Bridges filed an amendment to his complaint in which he raised these additional claims. (In that amendment, he also erroneously stated that no pretrial order had been entered.)

"[O]nce a pretrial order has been entered, a party may not amend without leave of court or consent of the opposite party. . . ." *Gaul v. Kennedy*, 246 Ga. 290, 291 (1) (271 SE2d 196) (1980). "The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b).

In its order granting summary judgment for the DOT, the trial court did not consider these additional claims asserted by Bridges in his unauthorized amendment to the complaint. We find no abuse of discretion in the trial court's exclusion of those additional issues. See *Echols v. Bridges*, 239 Ga. 25 (235 SE2d 535) (1977).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 11, 1993.

*Andrew J. Hill, Jr., Charles D. Strickland,* for appellant.
*Ken Stula,* for appellee.