A96A1324. MOTOROLA, INC. et al. v. WARD.
(478 SE2d 465)

JOHNSON, Judge.

In this products liability action, we granted the petitions for interlocutory appeals of Motorola, Inc. and Cartunes, Inc. from orders denying their motions for summary judgment. We reverse as to both defendants.

"In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence *and all inferences and conclusions* arising therefrom most favorably toward the party opposing the motion." (Citation omitted; emphasis in original.) *Sunamerica Financial v. 260 Peachtree Street, Inc.*, 202 Ga. App. 790, 793 (2) (a) (415 SE2d 677) (1992). Nevertheless, a plaintiff may not survive a defendant's motion for summary judgment under OCGA § 9-11-56 if there is no evidence in the record "sufficient to create a genuine issue as to any essential element of plaintiff's claim." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The defendant need not affirmatively disprove the plaintiff's case, but must only point out the absence of evidence in the record to support at least one essential element of the

claim. Once the defendant has done so, the plaintiff may not rest on the pleadings, but "must point to specific evidence giving rise to a triable issue." Id. If the plaintiff's claim is based upon an expert affidavit, that affidavit must contain some explanation of how the affiant reached his conclusion; a "mere conclusory allegation" is insufficient. *City of Cordele v. Turton's, Inc.*, 163 Ga. App. 327, 329 (293 SE2d 560) (1982).

Viewed in this light, the evidence shows that Richard T. Ward used a cellular telephone manufactured by Motorola and sold by Cartunes for an average of approximately 25 hours per month from June 1989 to November 1990. The phone generates an electromagnetic field. Ward is right-handed and mostly used the phone by holding it to his right ear. Ward was diagnosed in February 1991 with a malignant brain tumor above and forward of his right ear. This lawsuit is based on Ward's claim that the phone's electromagnetic field caused or exacerbated the cancer.

In response to Motorola's and Cartunes' motions for summary judgment, Ward produced the affidavits of David Perlmutter, M.D. and Andrew A. Marino, Ph.D. Neither is Ward's treating physician; they are both researchers who study the biological effects of electromagnetic fields. Each affiant stated that he had studied Ward's medical records and phone use records and had concluded, to a "reasonable degree" of certainty, that Ward's phone use caused or exacerbated his cancer.

1. Neither Perlmutter's nor Marino's affidavit explained a mechanism by which an electromagnetic field can cause cancer, set out any statistical correlation between electromagnetic field exposure and cancer, or otherwise explained how the affiant reached his conclusion. On evidence such as this, a jury would have to speculate about whether a causal connection exists. Such "mere conclusory allegation[s]" are insufficient to create a genuine issue of material fact regarding the cause of Ward's injury. See *City of Cordele v. Turton's, Inc.*, supra. When the plaintiff's evidence merely asserts that the defendant's conduct caused the plaintiff's injury, but fails to explain how, the defendant is entitled to summary judgment. *Houston v. Surrett*, 222 Ga. App. 207, 209-211 (2) (474 SE2d 39) (1996). "[A]ny lesser requirement would invite speculation and conjecture." Id. at 209.

Though summary judgment is required for this reason alone, there is also another, independent, reason why the trial court erred in denying summary judgment to Motorola and Cartunes:

2. This Court recently considered another case in which it was alleged that electromagnetic fields caused cancer. In *Jordan v. Ga. Power Co.*, 219 Ga. App. 690 (466 SE2d 601) (1995), we upheld the grants of summary judgment to the defendant power companies on a

trespass claim and of directed verdicts on nuisance and property damage claims. Id. at 694-695 (2), (3). The rationale for these holdings was, in relevant part, that "[t]he scientific evidence regarding whether [electromagnetic fields] cause harm of any kind is inconclusive. . . . In reaching this conclusion, we do not close the door on the possibility that science may advance to a point at which damage from [electromagnetic fields] is legally cognizable and [an] action may lie." Id. at 694-695 (2).[1] The Supreme Court initially granted certiorari in *Jordan*, but subsequently vacated the writ as improvidently granted, leaving the Court of Appeals holding intact. Case No. S96G0628, by order of November 22, 1996. Motorola and Cartunes are entitled to summary judgment because the affidavits providing the only support for Ward's claim explain no advances in scientific knowledge since *Jordan*.

*Judgment reversed. Ruffin, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED NOVEMBER 25, 1996 —

*King & Spalding, Nolan C. Leake, Michael R. Powers, Gray & Gilliland, David S. Currie*, for appellants.
*Dennis, Corry, Porter & Gray, William E. Gray II, Julia J. Yoffee*, for appellee.

[1] Another division of the *Jordan* opinion, dealing with other causes of action, reversed a defense jury verdict that found electromagnetic fields not to be the cause of the plaintiff's cancer. The basis for this holding was the trial court's improperly allowing defense experts to testify that there was no consensus in the scientific community that electromagnetic fields can cause cancer. Id. at 692-694 (1). Apparently the power companies either did not move for summary judgment or directed verdict on the claims submitted to the jury or else did not appeal the denial of any such motions.