A98A0756. LANE et al. v. KEN THOMAS OF GEORGIA, INC. et al.
A98A0757. CHARLES EVANS BMW, INC. v. LANE et al.
(503 SE2d 94)

SMITH, Judge.

Reese and Geraldine Lane brought suit against Ken Thomas of Georgia, Inc. d/b/a Ken Thomas BMW (Thomas BMW), Charles Evans BMW, Inc. (Evans BMW), and BMW of North America, Inc. (BMW NA), seeking damages for injuries allegedly suffered by Geraldine Lane and loss of consortium when the doors and windows of a BMW car driven by Geraldine Lane "locked up," causing her to become trapped and unable to exit the car.

After discovery, all three defendants filed motions for summary judgment. The trial court granted the motions of Thomas BMW and BMW NA, finding that no genuine issues of material fact remained as to these defendants. The court granted partial summary judgment to Evans BMW, finding that no genuine issues of material fact remained as to any issue except Evans BMW's negligence.

In Case No. A98A0756, the Lanes appeal from the grant of summary judgment to Thomas BMW and BMW NA and the grant of partial summary judgment to Evans BMW. In Case No. A98A0757, Evans BMW cross-appeals from the denial of its motion for summary judgment on the issue of negligence. Our review persuades us that no genuine issue of material fact remains for jury resolution as to any of the Lanes' claims against any of the defendants. We conclude that the trial court was correct in granting summary judgment to Thomas BMW and BMW NA on all issues but incorrect in denying summary judgment on all issues to Evans BMW. We therefore affirm the judgment below in the main appeal and reverse the judgment below in the cross-appeal.

In September 1994, Reese Lane purchased a 1995 BMW 525 car

for his wife. Although the Lanes resided in Columbus, the car was purchased in Gwinnett County from Evans BMW. Several months later, in February 1995, the Lanes received notice of a recall campaign concerning the car. The notice stated that a defect existed in the central locking system, making it susceptible of being unintentionally engaged, thereby trapping someone in the car. The notice instructed the Lanes to contact their authorized BMW dealer for a free repair. The Lanes returned to Evans BMW on April 8, 1995 for this recall campaign repair. They waited while the recall campaign repair and some other scheduled maintenance work was done and drove the car home to Columbus.

On February 21, 1996, Geraldine Lane drove the BMW home from work. According to her, the car "locked up" in her driveway, trapping her in the car. Unable to open the locked doors or break the glass even after beating on it with her umbrella and her shoe, she eventually escaped by opening the sunroof. While climbing out she bruised her right thigh. The car was towed to Thomas BMW in Columbus.

Ronnie Carroll, the Parts and Service Director for Thomas BMW, testified by affidavit that the general control module in the Lanes' car when it was towed in was removed, tested, and found to be operating properly. Carroll testified on his deposition that the car's history was first checked on the dealership's computer, which showed that the recall campaign repair in issue had been performed at Evans BMW. Carroll tested the general control module in the car to see if it was performing properly. He also instructed his technicians to remove the module governing the locking mechanism and replace it with another module, so the car could be tested with a replacement module. The car performed properly with both modules. In addition, the computer showed no fault codes in the system that would indicate any fault in the last 100 starts. After he learned from a BMW NA representative that the general control module removed from the Lanes' car was the correct module, it was reinstalled in their car, and Carroll informed both Reese Lane and the Lanes' attorney. Since that time, however, Geraldine Lane has refused to drive the car.

The Lanes filed this action alleging breach of contract, breach of warranty, fraud, conspiracy to defraud, negligence, strict liability, and loss of consortium, alleging they suffered serious physical and mental injuries. On appeal, their enumeration of errors consists simply of two very general statements that the trial court erred in granting both summary judgment and partial summary judgment.

1. We note initially that the Lanes have not presented argument as to their theory of strict liability. It is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

2. The Lanes argue that several contracts were breached. On

appeal, they identify for the first time these contracts allegedly breached. They claim that the recall campaign notice constituted an offer and that taking their BMW to Evans BMW constituted an acceptance of the offer, forming a valid contract. They also claim they were third party beneficiaries of a contract between BMW NA and each of the dealerships to perform the recall campaign repairs. But the Lanes' complaint did not specify the contract the defendants are alleged to have breached. And in the trial court, the Lanes produced nothing but generalized conclusory statements that a contract existed and was breached. It is well established that they cannot now remedy their failure to establish this theory below. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 766 (4) (431 SE2d 746) (1993). But even if their attempt on appeal to remedy this omission in various ways is considered, their contentions lack merit.

The Lanes have not established the existence of any contracts, and the defendants argue persuasively that none existed among these parties. But we need not address the existence of the contracts because, even if we assume they existed, the Lanes have not demonstrated a breach on the part of any of the defendants. "[I]n response to a summary judgment motion, the non-movant may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial." *Richard Haney Ford v. Ford Dealer Computer Svcs.*, 218 Ga. App. 315, 319 (2) (a) (461 SE2d 282) (1995). The Lanes did not do so.

Their brief reveals that they base their speculation of wrongdoing supporting their theories of recovery, both in contract and tort, upon conversations with unidentified persons in which they were told that the wrong replacement general control module was placed into their car. This constituted incompetent hearsay.

This hearsay is in turn "supported" by their showing that the service information bulletin sent to dealers specified a part number for the general control module that ended in the numerals "574," while the part placed in their car bore a number ending in the numerals "571." But this "support" fails because the discrepancy between the two numbers was explained adequately and completely in the testimony and affidavits relied upon by the defendants in support of their motion for summary judgment.

Ronnie Carroll testified that several persons at BMW NA, whom he called for assistance, explained to him why the module in the Lanes' car had a number stamped on it that was different from the number specified in the service information bulletin associated with the recall campaign repair. In an affidavit, the parts manager at Evans BMW also explained the discrepancy. BMW does not manufacture the components; it purchases various components from different manufacturers. The number ending in "571" on the replacement

module was the "casting number" or "manufacturing number" given the part by its manufacturer, to aid in identifying where or when it was manufactured, and is not a valid BMW part number. The identical part was assigned the number ending in "574" by BMW.

The technician at Evans BMW who performed the repair stated in an affidavit that the defective general control module was replaced with the proper replacement part. The service manager at Evans BMW stated in an affidavit that the repair was done properly.

The mere allegation that Geraldine Lane was unable to exit her car did not demonstrate that any of the defendants breached any contract by failing to perform the recall repair. *Motorola v. Ward*, 223 Ga. App. 678, 679 (1) (478 SE2d 465) (1996). The Lanes only *speculated* that the defendants either failed to repair the defective module or replaced it with an incorrect part. The defendants, on the other hand, presented affirmative evidence that the module was replaced properly in accordance with the recall campaign directive. The trial court did not err in granting summary judgment to all defendants on the Lanes' claim for breach of contract.

3. The Lanes' claim of breach of warranty is similarly without merit. Like their breach of contract claim, the Lanes have failed to show even the existence of a warranty, much less a breach. No warranty was extended by any of these defendants in connection with the sale of the car to the Lanes. It is undisputed that Evans BMW sold the Lanes the car "as is." Under Georgia law, implied warranties are excluded by that term if it is in writing and conspicuous. OCGA § 11-2A-214 (3) (a). The term appears on the bill of sale in bold and conspicuous letters, and any warranty was therefore excluded. The only warranty extended in connection with the purchase was that offered by the manufacturer, which is not a party to this litigation.

Evans BMW did not offer any warranties for the recall repair. Evans BMW offers warranties on workmanship and materials only on non-warranty repairs, when the work is paid for by the customer. The Lanes point to no warranties offered them by BMW NA or Thomas BMW. But even if the Lanes could show that such warranties existed, they cannot show a breach. BMW NA did not manufacture the car. It was designed and manufactured by a German company. BMW NA did administer the recall campaign and send out the notices. But it manufactured no parts, and the evidence showed that the recall campaign repair was accomplished properly. It is undisputed that no failures have occurred since the incident on February 21, 1996. Thomas BMW had no contact with the Lanes or their car before that time. And Thomas BMW presented competent evidence that the module reinstalled by it was the correct module.

When the defendants produced evidence that no warranties existed or were breached, the Lanes could no longer rest on their alle-

gations. They had a duty to come forward with evidence creating a genuine issue of fact on this issue or suffer summary judgment against them. Because they failed to do so, the trial court did not err in granting summary judgment to all defendants on this issue. *Richard Haney Ford,* supra.

4. The same is true with regard to the Lanes' allegations of fraud. It appears that the fraud alleged lies in the representation that the recall repair was done properly when it was not. They again appear to maintain that simply because "the uncontroverted evidence is that the lockdown incident occurred exactly as described by Plaintiff Geraldine Lane and as previously predicted by BMW NA," a fraud was perpetrated. The Lanes have simply thrown up their hands, claiming that "the switching of modules has made it impossible to determine what module was in the car originally, what module was put in the car by Charles Evans and what module was actually tested by Ken Thomas. All of these issues involve subtleties that cannot be answered as a matter of law and must be submitted to a jury for resolution." We do not agree.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. [Cit.] For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." *Crawford v. Williams,* 258 Ga. 806 (375 SE2d 223) (1989). The Lanes cannot present such evidence with regard to any of these defendants. They cannot show, for example, that they suffered any damage as a result of Thomas BMW's actions because the car has not malfunctioned since it was worked on at Thomas BMW. They cannot show scienter or intent to induce as these pertain to the remaining defendants because Reese Lane testified on his deposition that he did not believe BMW NA or Evans BMW intended to trap Geraldine Lane in her car. Additionally, and perhaps most importantly, they cannot point to any representations made by any of the defendants that were false and known to be false. The trial court did not err in granting summary judgment in favor of all defendants on the Lanes' fraud claim.

5. Because the Lanes cannot support their fraud claim against any of the defendants, it follows that they cannot support their assertion of a claim for conspiracy to defraud.

6. The same facts underlie the Lanes' claim against the defendants sounding in negligence. All defendants produced competent evidence that they acted properly and without negligence. The Lanes again rested upon the same unsupported allegations regarding the placing of an incorrect module in their car. As discussed above, this was insufficient to avoid summary judgment. Because no genuine

issue of material fact existed with regard to any of the defendants, including Evans BMW, the trial court was correct in granting summary judgment on this issue in favor of Thomas BMW and BMW NA, but erred in denying Evans BMW's motion for summary judgment on this issue.

7. Defendant Thomas BMW has moved this Court to impose sanctions upon the Lanes pursuant to Court of Appeals Rule 15 (b) for pursuing a frivolous appeal. We agree with Thomas BMW that the Lanes and their attorney had no reason to believe they could prevail on any of their theories of recovery, at least as to Thomas BMW. Accordingly, we impose jointly upon the Lanes and their counsel a penalty of $500.

*Judgment affirmed in Case No. A98A0756. Judgment reversed in Case No. A98A0757. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 17, 1998.

*Peter G. Williams*, for Lane et al.

*William P. Claxton, Jennifer M. Daniels*, for Charles Evans BMW, Inc.

*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker*, for Ken Thomas of Georgia, Inc.