## A11A0425. BRADFORD MORTGAGE COMPANY v. JOHNNIE GANEM APPRAISAL COMPANY.
(712 SE2d 859)

DILLARD, Judge.

Bradford Mortgage Company ("Bradford") appeals the trial court's grant of summary judgment to Johnnie Ganem Appraisal Company ("Ganem") on its claim for professional negligence related to appraisals performed by Ganem. Bradford argues that the trial court erred in concluding that (1) it presented no evidence that

---

Ganem failed to comply with the appropriate standard of care and (2) any negligence on Ganem's part was superseded by the intervening acts of other defendants. Finding no error, we affirm for the reasons noted infra.

To prevail on summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, when viewed in the nonmovant's favor, entitle the movant to judgment as a matter of law.[1] We review de novo a trial court's grant of summary adjudication, construing the evidence in the light most favorable to the nonmoving party.[2]

So construed, the record shows that Bradford provided mortgages for the purchase of three townhomes in an upscale development on Tybee Island. These townhomes were purchased by three members of a so-called investment group, representatives of which negotiated a bulk sale that was assignable, thus allowing individual members of the group to purchase townhomes in the development. Three members applied for loans with Bradford, and prior to approving these loans, Bradford used the "Fast & Easy" approval method—which Bradford's own chairman admits was "inherently risky" because it *only* required verification of the potential borrowers' employment and nothing else. Bradford also ordered individual appraisals of the subject properties from Ganem. And shortly thereafter, Bradford advanced ninety percent of the purchase price for the three subject townhomes (two of which sold for $815,000 and one of which sold for $825,000).

After the foregoing loans were approved, and shortly after the sales of the subject properties had closed, things went awry when all three corresponding mortgages went into default. Only then did Bradford conduct additional research and discover that the purchasing individuals had significantly overstated their income/assets and failed to disclose certain liabilities. Bradford subsequently filed suit against the investment group and its broker, alleging fraud for recruiting the three purchasers and encouraging them to make misstatements on their respective loan applications; the three defaulting purchasers; the closing attorney, for breach of fiduciary duty and professional negligence; and Ganem, for professional negligence in overstating the values of the subject properties. Ganem moved for summary judgment, which the trial court granted based on Bradford's failure to demonstrate that the appraisal company breached the relevant standard of care. In the alternative, the trial court

---

[1] *See, e.g., Pew v. One Buckhead Loop Condo. Ass'n*, 305 Ga. App. 456, 456 (700 SE2d 831) (2010); *see also* OCGA § 9-11-56 (c).

[2] *See, e.g., Pew*, 305 Ga. App. at 456.

concluded that even if Ganem was negligent, liability did not extend to the appraisal company because of intervening acts committed by the defendant-purchasers. This appeal by Bradford follows.[3]

In order for Bradford to successfully maintain a cause of action for professional negligence against Ganem, it must show that (1) Ganem had a legal duty to conform to a standard of conduct; (2) Ganem breached this duty; (3) there is a causal connection between Ganem's conduct and the resulting injury; and (4) Bradford was damaged as a result of Ganem's conduct.[4] And to prevail on a motion for summary judgment, Ganem must show that "the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [Bradford's] claim."[5] Finally, while questions of negligence are ordinarily for a jury, "plain and indisputable cases may be decided by the court as a matter of law."[6] With the foregoing principles in mind, we will now address Bradford's enumerations of error.

1. Bradford argues that the trial court erred in concluding that there was no evidence that Ganem failed to comply with the appropriate standard of care when appraising the subject properties. We disagree.

Prior to approving the loans noted supra, Bradford's area production manager/vice president personally engaged Ganem to conduct individual appraisals of the three subject townhomes because she had worked with the appraisal company on a frequent basis in her prior employment.[7] Additionally, Ganem was already familiar with these townhomes, having previously appraised the entire development when the developers began negotiations to conduct the bulk sale to the investment group.

Ganem's previous appraisal of the development, the so-called "master appraisal," was ordered and paid for by the developers and prompted by the investment group's inexplicable desire to purchase the subject properties for their full appraisal values—despite the developers' agreement to sell each property for the significantly reduced rate of $570,000 per unit as an incentive for the group to purchase in bulk. Indeed, when the investment group first became

---

[3] Bradford settled with the closing attorney, and the trial court issued a verdict and judgment for damages against the remaining defendants.

[4] *See, e.g., Martha H. West Trust v. Mkt. Value of Atlanta*, 262 Ga. App. 90, 91 (1) (584 SE2d 688) (2003).

[5] *Holcomb v. Norfolk S. Ry. Co.*, 295 Ga. App. 821, 822 (673 SE2d 268) (2009).

[6] *See, e.g., Johns v. Hous. Auth. for the City of Douglas*, 297 Ga. App. 869, 871 (678 SE2d 571) (2009).

[7] She also testified that she continued to use the company for appraisals and that she thought the company was "wonderful."

interested in purchasing the properties comprising the development, and prior to the master appraisal, the developers listed units for pre-construction sale at $650,000 apiece, which the developers purportedly believed to be *below* the market value but, nevertheless, listed at that price in an attempt to be competitive.

Thereafter, the master appraisal, which compared the development to similar properties in the area, returned an estimated value of $385 per square foot—or $790,000 to $845,000 per townhome, depending on the floorplan.[8] And when Ganem was retained by Bradford to conduct individual appraisals of the three subject properties only a few months later, the three townhomes were valued at $835,000; $820,000; and $815,000, respectively.

These individual appraisals are what Bradford maintains were overstated by more than 20 percent as a result of Ganem allegedly failing to comport with the appropriate standard of care. But with its motion for summary judgment, Ganem submitted numerous exhibits—including depositions, an affidavit, and paperwork related to the property sale—to establish that it used appropriate comparable properties, personnel, and methodology in appraising the individual townhomes. In response, Bradford submitted an expert affidavit from an appraiser averring that Ganem "deviated from the appropriate standard of care" by (1) overvaluing the townhomes in light of market conditions, (2) agreeing to conduct the individual appraisals when it had a "vested interest in protecting" the valuations given for the prior master appraisal, and (3) looking to comparables that were superior to the subject property.

In reaching the foregoing conclusions, Bradford's expert averred that he reviewed documents relating to the individual appraisals conducted by Ganem but failed to specify or attach these documents to his affidavit. And while the expert claimed his opinions were "the product of reliable principles and methods developed as a result of [his] actual professional knowledge, experience, education, and training in the field of real estate appraisal" and that he "applied said principles and methods reliably to the facts of [the] case in reaching the opinions," nothing was attached to his affidavit to show how he reached his opinion that Ganem's appraisals were overvalued. Accordingly, the trial court granted summary judgment for

---

[8] Even after the appraisal, the developers accepted the original negotiated price of approximately $570,000 per unit, and the excess amount of the purchase price was covered by an extremely large real estate commission. The real estate commission for the closing attorney was approximately *thirty-two percent* on the three subject properties—and this became part of Bradford's claim against the closing attorney. But although this commission amount was clearly disclosed to Bradford in paperwork the company approved before closing, Bradford admits that its representatives neglected to read this portion of the paperwork and did not discover the suspicious size of the commission until after the troubles began.

Ganem because Bradford's expert affidavit was "silent as to . . . the actual valuation or range of valuation that was supposed to represent the market at the time of the sales," while Ganem's evidence was "replete with justification as to what factors and enhancements [were] considered in reaching [the] appraisal values."

Given the foregoing, we agree with the trial court that summary judgment for Ganem was appropriate because Bradford failed to present any evidence sufficient to create a genuine issue of material fact as to whether the appraisals in question were conducted negligently.

First, Bradford presented no evidence to support its contention that Ganem overvalued the three townhomes in light of market conditions or used superior comparable properties in its appraisal. Instead, Bradford's expert affidavit contained generalized arguments that amounted to mere conclusions, which "have no probative value to pierce the facts presented by the movant for summary judgment."[9] Therefore, Bradford has "failed to point to or adduce specific evidence that gave rise to a triable issue in this regard."[10]

Second, summary judgment is appropriate in the case sub judice because Bradford's expert seemingly relied on various documents to reach his conclusion, but these documents were neither attached to the affidavit nor specifically identified. And "[w]hile material need not be attached if the affidavit is based upon material that is part of the record and before the court, the affidavit still must specifically identify those documents[,] and failure to do so results in summary judgment."[11]

Finally, Bradford's assertion that Ganem's prior appraisal of the development resulted in a "vested interest" that amounted to subsequent negligent appraisals is wholly without merit. We fail to see how a prior appraisal conducted for a different client is evidence that Ganem was negligent in performing subsequent appraisals *at Bradford's request* only a few months later. And Bradford cites no authority for the proposition that conducting a prior appraisal of property disqualifies an appraiser from conducting future apprais-

---

[9] *Bridges v. Dep't of Transp.*, 209 Ga. App. 33, 34 (1) (432 SE2d 634) (1993) (holding that, in dispute regarding a land survey, affidavit that merely stated a conclusion that measurements were incorrect, without providing factual basis for conclusion, was insufficient to overcome summary judgment).

[10] *Id.* at 34 (1); *see also Motorola, Inc. v. Ward*, 223 Ga. App. 678, 679 (478 SE2d 465) (1996) (physical precedent only) ("If the plaintiff's claim is based upon an expert affidavit, that affidavit must contain some explanation of how the affiant reached his conclusion; a mere conclusory allegation is insufficient." (citation and punctuation omitted)).

[11] *Goring v. Martinez*, 224 Ga. App. 137, 139 (2) (b) (ii) (479 SE2d 432) (1996); *see also Crawford v. Phillips*, 173 Ga. App. 517, 517-18 (1) (326 SE2d 593) (1985) (same).

als.[12] Accordingly, summary judgment was appropriate.

2. Because we have held that Bradford failed to present evidence that Ganem breached its duty and have affirmed the grant of summary judgment on this ground, we need not address Bradford's second enumeration of error.

Accordingly, for the foregoing reasons, the trial court's grant of summary judgment is affirmed.

*Judgment affirmed. Blackwell, J., concurs. Adams, J., concurs in judgment only.*

DECIDED JUNE 20, 2011 — 

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Ashleigh R. Madison*, for appellant.

*Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Lauren M. Gunnels, Brannen, Searcy & Smith, David R. Smith*, for appellee.

---

[12] *Compare Ga. Real Estate Appraisers Bd. v. Krouse*, 299 Ga. App. 73, 79 (1) (681 SE2d 737) (2009) (involving appraiser who violated standards of conduct by preparing fraudulent and/or misleading appraisal report for property in which he also had a contemplated or prospective ownership interest).